EDWIN CHICK *versus* HENRY S. TREVETT *& als.*

The performance of labor for an association, is a good consideration for an express promise in writing to pay therefor, made by one of the members.

The defendants, being members of an unincorporated association for building a parsonage house, made to the plaintiff an instrument in these terms:
"*For value received of E. C. we, the trustees of the M. E. Society for building a parsonage house on the F. circuit, promise to pay him or order fifty-one dollars and seventy-seven cents and interest in one year from date.*

"H. S. T. ⎫ *Trustees*
"W. H. ⎬ *of*
"R. T. ⎭ *said House.*"

*It was held,* that they were personally liable, there having been no plea in abatement, that others should have been joined.

EXCEPTIONS from the Eastern District Court, CHANDLER J. presiding.

Assumpsit upon an instrument made by the defendants in these terms:—

"Frankfort, Dec. 25, 1837.

"For value received of Edwin Chick we the trustees of the M. E. Society, for building a parsonage house on Frankfort circuit, promise to pay him or order fifty-one dollars and seventy-seven cents and interest in one year from date.

"HENRY S. TREVETT, ⎫ *Trustees*
"WILLIAM HOLMES, ⎬ *of*
"RICHARD TREVETT, ⎭ *said House.*"

The parties agreed upon a statement of facts.

The defendants signed the paper declared on, having with others in that neighborhood, voluntarily associated together for the purpose of building a parsonage house at the place and for the purposes mentioned in the instrument. They "were not incorporated nor recognized in law as an incorporated society." The house was built by the association. Work and labor were performed upon the house by the plaintiff as a house carpenter, "for which this memorandum in writing signed by said Trevett *& als.* was given as evidence of his claim therefor."

If the action could be maintained, and in its present form,

the defendants were to be defaulted; and if not, the plaintiff was to become nonsuit.

The Judge ruled, that the action could be maintained, and the defendants filed exceptions.

*Kelly*, for the plaintiff, argued that the defendants had promised in their own names, and signed the note in their own names, and for the benefit of a mere voluntary association of which they were members. The designation of trustees can make no difference. They do not act as public agents, but for themselves, and are personally liable. There is much apparent conflict in the cases in relation to the liability of agents. They may be reconciled by keeping this principle in view. When the persons signing are acting merely as the agents of others, having no personal interest, they have been holden not to be liable. But when they have themselves an interest, and are parties with others, they are personally responsible. By referring to the cases commonly cited on this subject, it will be seen that they may all be reconciled upon this principle. *Andrews* v. *Estes*, 2 Fairf. 267; *Clap* v. *Day*, 2 Greenl. 305; Story's Eq. Pl. 118; *Tippets* v. *Walker*, 4 Mass. R. 595; *Sumner* v. *Williams*, 8 Mass. R. 162; *Thatcher* v. *Dinsmore*, 5 Mass. R. 299; *Tucker* v. *Bass*, 5 Mass. R. 164; *Forster* v. *Fuller*, 6 Mass. R. 58.

No action would lie against the defendants for assuming to be agents, because they were agents.

*Pierce*, for the defendants, contended that the action could not be maintained, because no consideration passed to the defendants.

Because the defendants cannot be holden personally in this action. *Andrews* v. *Estes*, 2 Fairf. 267.

And because this is not the right form of action. A special action on the case, if any, should have been brought against the defendants. *Ballou* v. *Talbot*, 16 Mass. R. 461.

The opinion of the Court was by

WESTON C. J. — One objection taken to the liability of the defendants on the note, is the alleged want of consid-

eration. It is not necessary that this should enure to their benefit. A loss or damage to the promisee, is as good a legal consideration, as a benefit to the promisor. They promised to pay the plaintiff, for labor performed or to be performed, for the association. This was a loss to the plaintiff amply sufficient to sustain their promise, if they had not been members of the association.

It is further insisted, that as they signed as trustees, their personal liability is excluded. If this designation indicates a mere agency, and they had authority from their principals, they are not personally bound. And if in such case, they had acted without authority, the apt remedy would have been an action on the case. *Ballou* v. *Talbot*, 16 Mass. R. 461. But the use of the term, trustees, indicates rather that the legal interest is in them, than that they act as mere agents. And if it is to be understood, that they represented a body of men who had voluntarily associated to build a meeting-house, the case finds, that the defendants were members of that body. In such case, they are properly made defendants, if the other members of the association might also have been joined. If they would have taken advantage of this objection, they should have pleaded in abatement.

*Exceptions overruled.*