Merchants and Planters Packet Company *v.* Ferdinand Streuby.

[44 South., 791.]

Principal and Agent. *Contracts. Liability of agent. Corporation. Ultra vires.*

A corporation being prohibited by law (Code 1906, § 5005) from owning the capital stock of another, its subscription therefor is illegal, and, the person taking the same knowing of the illegality, imposes no liability on its agent who, assuming to bind his company and not himself, signed his name thereto as such agent.

From the circuit court of Warren county.

Hon. Oliver W. Catchings, Judge.

The Merchants & Planters Packet Company, appellant, was plaintiff in the court below, and Streuby, appellee, defendant there. From a judgment in defendant's favor, predicated of a peremptory instruction, plaintiff appealed to the supreme court.

The plaintiff packet company, a corporation under the laws of Mississippi, sued the defendant, Streuby, demanding judgment for $500 on a subscription for corporate stock in plaintiff company. The declaration alleged that Streuby subscribed for five shares of said stock of the par value of $100 per share, by written subscription signed: " F. Streuby, for Lever Bros. Oil Mill, Limited "; that, inasmuch as Lever Brothers Oil Mill, Limited, was a corporation, and could not hold stock in another corporation, and, further, as Streuby had no authority to subscribe in the name of the Oil Mill, he became personally liable for payment of the subscription. Defendant contended that in signing for Lever Brothers Oil Mill, Limited, he assumed no personal liability, but signed merely as an agent. The evidence showed that the defendant, Streuby, was vice-president and

general manager of the Lever Brothers Oil Mll, Limited, a New Jersey corporation, and that Streuby's office was in Vicksburg, Miss.; that when the promoters of the plaintiff packet company approached him in his office in Vicksburg, soliciting subscription to the stock of the packet company, he wrote on the subscription list for stock of the packet company, " Lever Bros. Oil Mill, Limited, $500," and then, after expressing doubt as to his authority to bind the Lever Brothers Oil Mill, Limited, and as to the power of one corporation to hold stock in another corporation in Mississippi, stated, " I had better write my individual name in front of that, in this space here," and thereupon affixed his name in front, so that the whole read, " F. Streuby, for Lever Brothers Oil Mill, Limited, $500."

*McLaurin, Armistead & Brien,* for appellant.

In the case of *Crook* v. *Merchants & Planters Packet Company,* a case involving the question of a subscribing stockholder's right to decline to pay his subscribed stock and to withdraw his subscription, the present appellee, Streuby, was indirectly concerned. In that case all kinds of questions were raised as to the legality of the corporation, its right to sue a subscribing stockholder for amount claimed as due on subscriptions for stock, the status of the corporation, as it had not recorded its charter in Warren county, alleged violation of its prospectus, and numerous other technical questions raised to defeat the suit; all of which were decided adversely to Crook; and on his appeal, this court affirmed the judgment of the lower court. See *Crook* v. *Merchants & Planters Packet Company,* No. 12,101, affirmed in July, 1906, without written opinion.

Under the decision in the above case, all questions involved in the court below and similar to those above stated must be brushed aside, and this court will find that the only question remaining open is, whether or not the appellee, Streuby, when he signed the subscription list, as follows: " F. Streuby, for Lever Bros. Oil Mill, Limited," became personally liable for the stock

subscribed for by him, inasmuch as he had no authority in law to bind the Lever Brothers Oil Mill, Limited, it being a corporation. At the time he subscribed, he knew he had no authority to bind the Oil Mill, Limited, a corporation of which he was vice-president and general manager. The evidence shows that the president of the Merchants & Planters Packet Company, together with other promoters of that company, went to Streuby's office, soliciting subscriptions for stock to the packet company, and that after Streuby understood their purpose, he picked up his pen, and wrote on the subscription list, "Lever Bros. Oil Mill, Limited, $500," and then stated, "I don't know that to be proper, as one corporation cannot hold stock in another corporation in this state, and I have not the authority. I had better write my individual name in front, in this space here." And thereupon he wrote his name in front, so that the whole read as first above stated.

Streuby does not claim in his testimony, as will be seen by his answers on cross-examination, that he had authority to take stock in the appellant packet company; on the contrary, when asked to give what authority he had, he said that he had withdrawn the subscription before ever his act of subscription had been sanctioned.

Now, this court has settled in the *Crook case, supra,* that Streuby and other subscribing stockholders had no right to withdraw their subscriptions under the circumstances. Accordingly, as Streuby's company, being a corporation, could not accept and hold stock in the packet company, Streuby became individually liable to pay for the stock so subscribed.

In support of our contention, we quote the fifth edition of Cook on Stock and Stockholders, vol. 1, § 68, under the heading, "Subscription by Agent," as follows: "A valid subscription may of course be made through an agent. No person can be made a subscriber to the capital stock of a corporation and be subject to the liabilities of a subscriber by a subscription in his name made by another without authority but merely assum-

ing to act as his agent. Such a subscription is not binding on the principal. But such an authorized subscription may be adopted and ratified by the person in whose name it was made without warrant of authority in such a way as to make it valid and binding. A person subscribing for shares as agent for another, and in that other's name, but without authority thereby becomes himself a subscriber in place of the person whose name he signs, or his unauthorized subscription may subject him to an action of damages."

The above learned author cites the following authorities to support the above: *Salem* v. *Ropes,* 9 Pick., 187; *Union Hotel Co.* v. *Hersee,* 79 N. Y., 454; *Stale* v. *Smith,* 48 Vt., 266; *Troy, etc., R. R. Co.* v. *Warren,* 18 Barb., 310; *In re Pugh,* L. R., 13 Eq., 566; *McHose* v. *Wheeler,* 45 Pa. St., 32; *Thompson* v. *Bank,* 10 Am. & Eng. Corp. Cases, 203.

*W. R. Harper,* for appellee.

The written contract of subscription is plain, clear and unequivocal, and speaks for itself. Streuby signed for the Levy Brothers Oil Company, and manifestly did not undertake to bind himself personally. The signature discloses the principal, and shows that Streuby signed merely as an agent. Hence he is personally not liable.

A written contract of subscription to capital stock of a corporation, like other written contracts, cannot be varied by parol evidence of a special agreement made prior to or concurrent with it. *Thigpen* v. *Miss. Central R. R. Co.,* 32 Miss., 347; 10 Cyc., 391, and cases cited.

Mr. Justice Brewer, now of the United States Supreme Court, in the case of *Holt* v. *Winfield Bank,* 25 Fed. Rep., 814, stated the rule of law directly applicable to the case at bar, as follows: " The other case is one against the president of the bank, and as to which I have no question. After the suit was commenced against the bank, and it had set up this plea of *ultra vires,* the plaintiffs sued the president, claiming that if the bank was not

liable, the president was; that he was the agent who signed the subscription, and if the principal was not liable, the agent was. I had occasion, when I was on the supreme bench of Kansas, in the case of *Abeles* v. *Cochran,* 22 Kan., 410, to examine with great care the circumstances under which an agent is responsible when the principal is not bound. There were in this case no misrepresentations of fact or of law made by the president. He simply told the parties that he would subscribe for the bank if the majority of the directors assented. He saw a majority of the directors, and they assented; and he then came back and subscribed in the bank's name. There were no false representations of facts, no representations of law. Every person who deals with corporations is chargeable with notice of the general scope of their powers. If he deals with an insurance company he knows that it is insurance business that that company is authorized to transact. So, if he deals with a bank, he knows that it is banking business that the bank is authorized to transact, and none other. He has the same general knowledge that the officers of the bank have. Of course, where there is concealment of a fact within the special knowledge of the party making the representation or making the signature, he may be bound. If, for instance, the bank had power to make such a contract as this, provided the bank directors assented, and defendant had represented to the plaintiffs that the directors had assented, when in fact they had not, then unquestionably a failure to hold the bank liable would cast liability upon him. But when a man deals with an officer of a corporation, and no representations are made by that officer, and that officer simply proposes to bind the corporation, and as a matter of fact the corporation is not bound, and is not bound simply because the contract is *ultra vires* of that corporation, the individual making the subscription is also not bound."

Certainly, in view of the above forcible opinion of Mr. Justice Brewer, the judgment of the court below was correct, and hence should now be affirmed.

CALHOON, J., delivered the opinion of the court.

This action is to hold Streuby liable personally as a subscriber on his signature to the capital stock òf a corporation. His signature is in these words: " F. Streuby, for Levy Bros. Oil Mills, Ltd." This oil mill was a corporation, and sò it was powerless, in this state, to subscribe for stock of another corporation. This was equally known to him and appellant corporation, and no fraud or fraudulent representation appears. We have, therefore, not a case where the principal was or could have been bound by the subscription in any event; it being *ultra vires.* We hold that the signature did not bind Streuby personally, and adopt the reasoning of Judge BREWER in the two cases of *Holt* v. *Winfield Bank* (C. C.), 25 Fed., 814, and *Abeles* v. *Cochran,* 22 Kan., 410; 31 Am. Rep., 194.

         *Affirmed.*