## THOMAS J. EVANS ET AL. *v.* LILLY & COMPANY.

### [48 South. 612.]

**1.** PROMISSORY NOTES. *Associations. Individual liability of members signing notes. Names followed by words indicating official positions.*

Members of a voluntary association, signing a note given by the association, are individually liable thereon, regardless of their intentions respecting liability or their belief as to the law relating thereto, although their signatures be followed by abbreviations indicating their offices in the association.

**2.** APPEALS. *Harmless error. Pleadings.*

Where the whole course of a trial clearly shows defendant's liability, and that no other result could ever be reached, a judgment against defendant will not be reversed merely because some of defendant's pleas were traversed on immaterial issues.

**3.** SAME. *Motion for new trial. Evidence warranting. Want of opportunity to introduce. Failure to present it on motion.*

Although a peremptory instruction for plaintiff was given in the absence of defendant's counsel and before he had opportunity to introduce additional proof, the judgment will not be reversed on appeal, where defendant on his motion for a new trial failed to present the additional evidence which he would have offered.

FROM the circuit court of Noxubee county.

HON. ROBERT F. COCHRAN, Judge.

Lilly & Company, a corporation, appellee, was plaintiff in the court below; Evans and others, appellants, were defendants there. From a judgment in plaintiff's favor defendants appealed to the supreme court. The facts are clearly inferable from the opinion of the court.

*Baskin & Wilbourn,* for appellants.

Appellee joined issue on the special pleas, and the evidence as to the truth of the pleas was in conflict, with the great preponderance of the evidence sustaining the pleas; it was, therefore, error for the court below to grant the peremptory instruction.

Indeed the appellee joined issue with appellant on numerous pleas to the declaration, and the evidence in regard to same was in conflict and should have been submitted to the jury for determination.

Again it was error to grant peremptory instructions under the state of pleadings for the further reason shown on the development of the testimony taken upon the hearing of the motion for a new trial; it appears from the testimony so taken that the court adjourned over night during the taking of the testimony with the understanding that the appellants could conclude their testimony within thirty minutes after the court should reconvene on the following morning; and that because appellants and their counsel were a few minutes late on the following morning the court sent the case to the jury with a peremptory instruction to find for the plaintiff. This was done before the taking of the testimony had been actually completed.

The court below erred in visiting upon appellants as the result of being a few minutes late in coming into court with their attorneys, the serious consequence of having the case submitted to the jury on peremptory instructions before the completion of testimony over the protest of counsel for the plaintiff. *Yost v. Alderson,* 58 Miss. 47.

This action on the part of the court below was arbitrary, and an abuse of discretion.

The overwhelming weight of the testimony having established that the appellant signed the notes, upon a distinct understanding and agreement with the agent of appellee who took them, that they were not thereby to incur any personal liability whatsoever, it was manifestly improper to permit appellee to recover on a peremptory instruction. If the notes were signed by appellant upon a distinct agreement that they were not to incur any personal liability thereupon, then the notes could not possibly amount to an individual promise to pay any past due indebtedness and could not have the effect to keep alive the debt on open account, if any existed, as against the individuals.

*J. E. Rives* and *L. Brame,* for appellee.

Treating of unincorporated associations in 4 Cyc. 310, 311, it is said: "Each member of an association is liable for the debts thereof incurred during his period of membership, and which have been necessarily contracted for the purpose of carrying out the objects for which the association was formed."

Individual members of an unincorporated association are liable for contracts made in the name of the association, without regard to the question whether they so intended or so understood the law, and even if the other party contracted in form with the association and was ignorant of the names of the individual members composing it." *Lewis v. Murphy,* 58 Conn. 294, 8 L. R. A. 113; *Davidson v. Holden,* 55 Conn. 103, 3 Am. St. Rep. 40, and notes; *Freedenall v. Taylor* (Wis.), 99 Am. Dec. 203; *Heath v. Goslin* (Mo.), 50 Am. Rep. 505.

See also the concise and splendid note to *Lynch v. Postlewaite,* 12 Am. Dec. 514; *Chick v. Trevett* (Me.), 37 Am. Dec. 68, and note; *Lumber Co. v. Church,* 166 Pa. 498.

In these cases it is very clearly pointed out that no legal significance is to be attached to the initials or additions appended to the names of the defendants in making the notes, there being no responsible principal in existence.

The whole case was presented to the jury on the facts, and it was not even shown that the Grand Commandery Knights Templar of the state was incorporated. All the facts being before the court, it was perfectly plain that the defendants were liable personally and therefore the court properly gave the preemptory instruction.

There is no merit whatever in the contention that the court resumed the trial on the morning the judgment was rendered before the defendants had an opportunity to introduce their evidence. There is a vague and indefinite statement of counsel in the record on this subject, and one of the defendants was introduced to show that there was some additional evidence, namely that the charter of the Macon Commandery had been found. Counsel for defendant state that they had the charter in their possession, but the charter itself was never introduced or shown to the court and has never yet been produced. Furthermore, it is shown that the next morning when the case was proceeding, counsel for defendant came into court, and although they afterwards claimed that they had then found the charter, they did not mention the fact to the court, or even intimate that they had the charter or desired to produce it.

The observations of the court in the case of *Yost v. Alderson,* 58 Miss. 47, have no possible bearing on this case.

FLETCHER, J., delivered the opinion of the court.

This case, as made by the declaration, pleas, and proof, presents the question on liability of the members of a voluntary association for an obligation of the association, evidenced by a promissory note signed by the members; the signature being followed by certain abbreviations indicating the offices which they held in the association. That the members signing such a note are individually liable is thoroughly well settled. The case of *Lawler v. Murphy,* 58 Conn. 294, 20 Atl. 457, 8 L. R. A. 113, is precisely in point. That case holds that the individual members are liable for the contracts of the association, without re-

gard to the question as to what was intended by the members in regard to liability, and despite the fact that the members mistook the law. That case further holds that the addition of the words "secretary," "treasurer," etc., to the signatures, in no way affects the individual liability of the members. This is not an isolated case, but is in harmony with the weight of authority. *Lewis v. Tilton,* 64 Iowa, 220, 19 N. W. 911, 52 Am. Rep. 436; *Chick v. Trevett,* 20 Me. 462, 37 Am. Dec. 68; *Wells v. Gates,* 18 Barb. (N. Y.) 554; *Hodgson v. Baldwin,* 65 Ill. 532. Since the liability of appellant is perfectly clear, we cannot reverse merely because some of the pleas were traversed on immaterial issues, since the whole course of the trial shows that no other result could ever be reached.

The point most earnestly pressed upon our attention is that a new trial should have been granted because of the alleged arbitrary action of the court in giving a peremptory instruction for appellee in the absence of counsel, and before opportunity was given to present additional and important proof as to the corporate character of the association. We would unhesitatingly reverse for this reason if appellant on his motion for a new trial had made any satisfactory showing as to the charter and effect of the additional evidence. It was claimed that this evidence tended to show that the commandery had been incorporated; but the charter was not produced, nor was there any specific reference to any legislative charter. It was clearly the duty of appellant to produce this evidence, that both the trial court and this court might judge of its competency and effect. There was a total failure to comply with this well-settled rule, and we cannot, therefore, yield to the contention.

*Affirmed.*