## LUCKETT *v.* BRICKELL.

### [76 South. 502, Division A.]

1. EXECUTORS AND ADMINISTRATORS. *Power to borrow money. Decree of chancery court.*

   Where under the will the executor and trustee had no authority to borrow money and pledge the stock of the estate as security therefor, they could not do so under an unauthorized decree of the chancery court.

2. REPLEVIN. *Equitable defenses. Subrogation.*

   In an action of replevin by an administrator *Cum testamento annexo* for stock certificates pledged by a former executor and trustee to secure a note to defendant for money borrowed by the executor, even though such money was applied to the payment of the debts of the estate and even though the estate was bound therefor by subrogation to the defendant, this equitable defense of subrogation could not be pleaded in a court of law, as it was not of such a character as would in a court of equity transfer the legal title of the property to the defendant.

APPEAL from the circuit court of Yazoo county.

HON. W. H. POTTER, Judge.

Action of replevin by H. H. Brickell, administrator *cum testamento annexo,* against Mary V. Luckett. From a judgment for plaintiff, defendant appeals.

This is an action of replevin brought by the appellee, administrator c. t. a. of the estate of J. F. Powell, deceased, to recover of appellant certain certificates of stock pledged by the executor of the will of said decedent, for the purpose of securing payment of a certain promissory note, executed by said executor, as such, in favor of appellant, for money borrowed of appellant by said executor for the use of the estate of said Powell.

J. F. Powell, who was a large planter and merchant, died in the year 1909, owning thirteen plantations, and a large mercantile business. At the time of his death he owed considerable money, amounting to more than one hundred thousand dollars. He died testate, leaving a will, which is set out in full in the case of *Brickell* v. *Lightcap* (No. 19049) 76 So. 489.

R. W. Crook was made executor of the will; and T. H. Campbell, Sr., and R. W. Crook and the Bank of Yazoo City were made joint trustees of the residue of his property, after the payment by the executor of certain legacies, and the satisfaction of certain debts. Among other debts which he owed at the time of his death was an indebtedness amounting to sixty-four thousand, nine hundred and sixty-six dollars and sixty-eight cents due the Bank of Yazoo City, which indebtedness was evidenced by notes, and a small portion of it by an overdraft. This claim was duly probated.

On March 28, 1910, the indebtedness due by the estate to the Bank of Yazoo City had been reduced to thirty-one thousand, eight hundred and thirty-two dollars and forty cents, and a loan was obtained from said bank for forty thousand dollars for the estate, and the executor gave his note for that amount and paid off said notes of the Powell estate, and deposited the difference to the

credit of the estate, but, with the consent of the executor, the bank retained certain collateral held by it to secure the new loan. Thereafter, about July 9, 1910, an additional loan of ten thousand dollars was obtained for the estate from said bank; the amount being placed in the checking account of the executor. Thereafter, on January 9, 1911, the executor and the trustees petitioned the chancellor, in vacation, to borrow fifty thousand dollars to pay off debts and run the mercantile and farming business of the estate, and the chancellor allowed the petition, entering the following decree:

"This matter coming on to be heard this day in vacation, on petition of R. W. Crook, executor of the last will and testament of J. F. Powell, deceased, and the Bank of Yazoo City, T. H. Campbell, and R. W. Crook, trustees of the last will and testament of said J. F. Powell, deceased, to borrow money for the purpose of paying off the balance of indebtedness owing by the decedent in his lifetime, and for the purpose of carrying on his plantations and mercantile business, and the chancellor being fully advised in the premises, it is ordered, adjudged, and decreed that R. W. Crook, executor, and the trustees of said estate, are hereby authorized and empowered to carry on and operate the plantations owned by J. F. Powell in his lifetime, and said R. W. Crook is authorized to carry on the mercantile business, and that for said purpose said executor and said trustees are hereby authorized and directed to negotiate a loan with the Bank of Yazoo City or any other source, for an amount not to exceed fifty thousand dollars at a rate of eight per cent. discount, provided it cannot be obtained for less from some other bank or corporation or person, and that said executor and trustees are hereby authorized, for the purpose of securing said loan, to assign a sufficient amount of notes, bank stock, and accounts, and the rents from said plantations, for the purpose of negotiating said loan from the said

Bank of Yazoo City or any other person or corporation.''

Thereafter, on March 9, 1911, the executor obtained the following decree authorizing them to borrow and additional twenty-five thousand dollars:

''In the Matter of the Estate of J. F. Powell, Deceased.

''This matter coming on to be heard this day on the petition of R. W. Crook, executor of the estate of J. F. Powell, deceased, and T. H. Campbell, the Bank of Yazoo City, and R. W. Crook, trustees of the estate of J. F. Powell, deceased, that they be permitted to borrow twenty-five thousand dollars in addition to the fifty thousand dollars which they have been heretofore authorized to borrow, and the court being fully advised in the premises, it is therefore ordered, adjudged, and decreed that said R. W. Crook, executor, and said T. H. Campbell, the Bank of Yazoo City, and R. W. Crook, trustees of the estate of J. F. Powell, be and are hereby authorized and directed to borrow twenty-five thousand dollars in addition to the fifty thousand dollars which they have already been authorized to borrow by this court; and said executor and trustees are authorized to pledge as security any of the personal property of the estate of J. F. Powell, deceased, and to borrow the same at a rate of interest not greater than 8 per cent. per annum. It is further ordered, adjudged, and decreed that said executor and trustees be, and are hereby, authorized to borrow said sum of twenty-five thousand dollars from the Bank of Yazoo City, provided the same can be obtained at a rate as reasonable as they can get elsewhere.''

On March 23, 1911, part of the original loan of forty-thousand dollars had been repaid. The estate on this date owed the Bank of Yazoo City forty-nine thousand, two hundred and forty-five dollars and forty cents, which consisted of a portion of the loan of forty thousand dollars obtained on March 28, 1910, and the loan of ten thousand dollars obtained in July, 1910, and in-

terest on same, together with an overdraft of fourteen thousand and seventy-seven dollars and seven cents.

Thereupon the executor borrowed forty-five thousand dollars from the Bank of Yazoo City and fifteen thousand from three individuals one of whom was the appellant in this case, from whom he borrowed the sum of five thousand dollars, and executed his note as executor therefor; the note being signed also by the three trustees. On the same day he collected from other sources one hundred and seventy-five dollars due the estate, and on the same day deposited to his credit as executor with the Bank of Yazoo City the sum of sixty thousand, one hundred and seventy-five dollars, and drew checks to take up the old notes, aggregating thirty-five thousand one hundred and sixty-eight dollars and thirty-three cents, and another check for one hundred dollars, withdrawn in cash, which, after covering the overdraft of fourteen thousand, seventy-seven dollars and seven cents, left a balance to the credit of the executor on said date (March 23, 1911) of ten thousand, eight hundred and twenty-nine dollars and sixty cents.

When the loan of five thousand dollars was obtained from appellant, the negotiations were made through the president of the Bank of Yazoo City, with whom appellant kept her deposits, and this bank turned over to appellant, together with the notes signed by the executor and trustees, certain collateral consisting of certificates of bank stock, and certificates of stock in a warehouse company, which certificates had been indorsed in blank by Powell in his life time, and were then in possession of the Bank of Yazoo City. The executor also indorsed the said certificates of stock when delivering same to appellant. Appellant was advised by the president of the Bank of Yazoo City that the loan of her money was obtained under authority of the chancery court for the purpose of paying off the indebtedness owing by the decedent.

Afterwards, on January 1, 1913, the five thousand dollar note of March 23, 1911, not having been paid, the executor gave the appellant a new note for five thousand dollars, under authority of chapter 143, Laws of 1912, authorizing a renewal of obligations by executors. This note was still unpaid at the time the instant suit was begun by the appellee, as administrator c. t. a. of the estate of said Powell; the executor Crook having in the meantime resigned. In this suit the administrator seeks to recover possession of the certificates of stock held by appellant as collateral for the note given her by Crook, executor, for five thousand dollars.

There was a plea of the general issue, and on the hearing the court gave a peremptory instruction for the plaintiff, from which appellant prosecutes this appeal.

It is the contention of the administrator that the executor and trustees were without power to bind the estate of the decedent for the loan of the money obtained of appellant, and that the decree of the chancellor authorizing the executor to procure loans for purposes therein set out was a nullity. The appellant contends that the executor had the power, under the will, and under the decree of the court, to procure the money, and that the money procured from appellant was applied to the debt of decedent owing to the Bank of Yazoo City, and it was her understanding with the president of said bank that her money would be used to pay this debt, and that the collateral held by the bank to secure the said debt of said decedent, incurred during his lifetime, was thereupon delivered to appellant. This contention is substantiated by the testimony of the officials of the Bank of Yazoo City.

It is next contended by the appellee that she is entitled to subrogation to the rights of the Bank of Yazoo City, which was a creditor of the estate of said decedent, and which delivered to her the collaterals here sued for, and obtained from her money for the purpose of taking up a loan held by said bank, which was in

fact a probated claim against the state of said decedent; and, further, that she had a right under section 2082, Mississippi Code of 1906, to defend a suit at law to retain possession of this collateral until the rights of all parties were adjusted.

The administrator contends that the right of subrogation is not cognizable in the court of law, where equitable defenses are not available, until they be such as in a court of equity, will entitle a defendant to have the legal title transferred to him by the plaintiff; that the decree of the chancellor is invalid because the chancery court has no authority to authorize an administrator to borrow money for the estate to carry on a farming and mercantile business; that the will gives no such authority in this case; and, further, that section 2082 of the Code of 1906 does not apply here for reasons apparent upon its face.

*Green & Green,* for appellant.

*Holmes & Holmes, W. A. Henry, E. L. Brown,* and *Edward Mayes,* for appellee.

HOLDEN, J., delivered the opinion of the court.

The executor and trustees had no authority under the will to borrow the money from appellant for the estate and pledge the stock as security therefor; nor were they able to do so lawfully by the unauthorized, illegal, and void decree of the chancery court.

If it be conceded that the five thousand dollars loaned by appellant to the executor and trustees was applied by them to the payment of probated debts due by the estate, and the estate is thereby bound by subrogation to appellant, through the executor and trustees, as contended, this equitable defense of subrogation cannot be pleaded in a court of law, as it is not of such a character as would in a court of equity transfer the legal title

of the property to the defendant. Therefore this defense cannot be made in this case of replevin in a law court; it would be proper in a chancery court. *Bonner* v. *Lessley,* 61 Miss. 392; *Hill* v. *Billingsly,* 53 Miss. 111; *McGee* v. *Wallis,* 57 Miss. 638, 34 Am. Rep. 484. Section 2082 of the Code of 1906 has no application to the case at bar.

*Judgment affirmed.*