Union Indemnity Co. *v.* Shirley *et al.*

(Suggestion of Error Overruled Nov. 6, 1933.)

[150 So. 825. No. 30744.]

For former opinion, see 150 So. 224.

**Ford, White & Morse,** of Gulfport, for appellant.

**R. A. Wallace,** of Gulfport, for appellees.

Argued orally by **Walter White** and **Sanford B. Morse,** for appellant, and by **R. A. Wallace,** for appellees.

**Smith, C. J.,** delivered the opinion of the court on suggestion of error.

The judgment of the court below was affirmed on a former day of the present term, and counsel for the appellant now suggest that there are two errors therein, one of which was called to the attention of the court when

the case was submitted, but the other was not, and is now presented for the first time.

The first of these questions is ruled against the appellant by former decisions of this court; consequently, no opinion was necessary thereon. The second, the new question, has not been heretofore passed upon by this court, but, as it was not called to the attention of the court in the briefs filed when the case was submitted, we are under no obligation to now respond thereto, but will waive that right. The case will be stated only in so far as it is necessary for the understanding of the two questions now to be discussed.

The Union Indemnity Company instituted this action, which is one of replevin, to recover from the appellees the possession of a lot of specifically described hotel furniture and fixtures to which it claimed title, and which were in the appellees' possession. The property was owned by the hotel company, which gave a deed of trust thereon to a bank, which deed was foreclosed and the property purchased at the trustee's sale by the appellant, Union Indemnity Company.

The appellee Shirley had begun the construction of a building, and before its completion leased it to the hotel company for a period of fifteen years at a stated monthly rental, payable each month in advance. The lease contains the following stipulation: "It is further agreed that the owner shall have and is hereby given a first lien on all furniture, fixtures, equipment and all other property used in and about the above described premises for any unpaid rent, provided for herein, and the owner is hereby given the right to retain possession of all such furniture, fixtures and equipment and other property in and on said premises, belonging to tenant, for any unpaid rent due thereon, and both parties hereby agree that in default of the payment of any monthly rent hereunder, when due and payable, that all the remaining rent to become due under this lease, may at the option of the owner be declared due and payable, and the owner shall have the right thereupon to enforce his lien against the above described property for all past due rent and all payments

of rent to become due by reason of any default of the tenant in this respect.''

The property was purchased by the hotel company several months after the execution of this lease, and then placed in the building which it then occupied and thereafter conducted thereunder its hotel business. Some time thereafter the deed of trust, under which the Union Indemnity Company claims, was executed.

One of the questions presented on the submission of the case was whether the Union Indemnity Company acquired the property with notice of appellees' lien thereon, as set forth in the lease, which question we held was, on the evidence, for, and was properly submitted to, the jury.

One of the contentions of the appellant, on the submission of the case, was that the appellees' lien, being on after-acquired property, was probably void, not being within the rule allowing conventional liens on after-acquired property, but, if valid at all, was only an equitable lien enforceable only in a court of equity. It is unnecessary to review our former decisions dealing with this question, but it will be sufficient to say that, assuming that the lien is not a legal one, it undoubtedly is an equitable lien which a court of equity would enforce. The appellant's contention in this connection is that an equitable right to the possession of property cannot be enforced in a suit in replevin wherein only legal rights are involved. It is true that, prior to the adoption of section 147, Constitution of 1890, equitable rights could not be enforced in a court of law. Meyer v. Mosler, 64 Miss. 610, 1 So. 837. But that section of the constitution changed this rule, and now a circuit court has the right to grant equitable relief, and its judgment so doing cannot be reversed by the supreme court for that reason alone. It will be necessary to cite only two of the numerous cases so holding. Goyer Cold Storage Co. v. Wildberger, 71 Miss. 438, 15 So. 235, 236, was a case on ''all fours'' herewith. Wildberger claimed property, that had

been levied on under an execution on a judgment at law. His claim thereto was an equitable one, and in that proceeding be occupied the same relative position as does a defendant in an action of replevin. The equitable claim was allowed by the trial court, and, in declining to reverse the judgment, this court said: "The objection that, if Wildberger had any right, it was equitable, and unavailing in a court of law, is unavailing if it is only equitable, for now courts of law may administer equitable relief, and courts of chancery legal relief, and no complaint can be made of it. Under the new constitution, we have practically a complete blending of law and equity, and only maintain separate courts to administer them. The necessary effect of section 147 of the constitution is to produce this result, for it would be absurd for this court to reverse a judgment because equity has been administered by a court of law, and remand the case to a chancery court with directions to do what the court of law had already done; and so where chancery had entertained a purely legal demand, and disposed of it correctly."

Only yesterday, in Dilworth v. Federal Reserve Bank (Miss.), 150 So. 821, this court again said: "The effect of section 147 of the Constitution is to give the circuit court power to administer equity in cases arising in that court, and if the judge of the circuit court elects to do so, this court cannot reverse for that reason alone."

Luckett v. Brickell, 115 Miss. 457, 76 So. 502, and Myers v. Daughdrill, 163 Miss. 298, 141 So. 583, are not in conflict herewith, for the trial court did not, as here, apply equitable principles in the trial of the case, but declined so to do.

The new question now, for the first time presented, is that the lien created by the lease is void under section 2130, Code 1930, which reads as follows:

"A deed of trust or mortgage on all of the chattels of a named class or classes (not including merchandise), described or limited as to locality, owned at the time of

the execution of the instrument and on such property of like kind as may be acquired during a stated period not to exceed twelve months, given to secure any and all indebtedness which the grantor may owe the beneficiary during said period, shall be a valid lien against all creditors of the grantor.

"The grantor shall have the right to pay the indebtedness thus secured with interest at any time, though not then due."

Counsel for the appellant say that, "by affirming the case, we submit the statute is either brushed aside or held inapplicable." Neither of these events here occurred, for the reason that the statute was not hereinbefore called to the attention of the court, and it decided the case without any consideration thereof. The statute seems to grant a new right and also to limit a then existing right, and, because of its importance, we will not attempt to fully construe it, but only in so far as it is necessary to determine whether it controls the case at bar. The appellant's contentions are, first, that the statute permits a lien on after-acquired property only when the property is acquired within a period of twelve months, which period they seem to say must begin with the date of the execution of the lien; and, second, that the debts secured thereby must come into being within the same period of time. We will assume that this is true, but merely for the purpose of the argument, without intending so to decide.

The instrument here is not technically a chattel mortgage, but is a lien created by a lease; and, while it has many of the attributes of a chattel mortgage, it may be that the statute should be construed to apply only to instruments that are in all respects chattel mortgages. This we say in passing, but not for the purpose of decision, it not being necessary for us to here express an opinion thereon.

It will be observed from the statement of the case, hereinbefore made, that the property here in question

was acquired well within twelve months after the execution of the lease and before the deed of trust thereon, through which the appellees' claim, was executed. In so far as the acquisition of the property is concerned, it complies with the requirements of the statute, and the fact that the lien was intended to cover property acquired after the expiration of the twelve months does not invalidate the lien on property acquired within the time permitted by the statute.

The debts permitted to be secured by such a lien are described in the statute as "any and all indebtedness which the grantor may owe the beneficiary during said period;" i. e., twelve months. It may be that these words were intended to constitute a formula for the description of the indebtedness secured, the use of which is necessary to bring an instrument within the meaning of the statute. But it is not necessary for us to decide that question here, and we therefore express no opinion on it, and will proceed at once to inquire whether the indebtedness secured by the lien arose within twelve months after its execution. When the lease was executed, the lessees assumed then and there an obligation to pay a stipulated rental for the building for fifteen years, but, instead of paying it at once, agreed to spread the payments over for a period of years in monthly installments. The obligation to pay, therefore, arose within the twelve months, and the fact that actual payments were to be thereafter made in installments did not create new and independent debts for these installments, but merely fixed the times at which the original debt was payable. The case is analogous to one in which a debtor executes a note for a debt then due, payable in installments running over a period of time. The statute cannot be construed to permit only liens securing debts only that become due and payable within twelve months after the execution of the lien.

The suggestion of error will be overruled.