PEEPLES *et al. v.* ENOCHS *et al.*

(Division A. March 26, 1934. Suggestion of Error Overruled. June 5, 1934.)

[153 So. 796. No. 31049.]

L. F. Easterling and Calhoun, Rosenthal & Capers, all all of Jackson, for appellants.

474

Watkins & Eager, of Jackson, for appellees.

Argued orally by **Simon Rosenthal**, for appellants, and **Tom Watkins**, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

The appellants exhibited an original bill against the appellees by which they seek to foreclose a deed of trust executed to them by the appellees to secure several promissory notes also executed to them by the appellees, and for a personal judgment against the appellees for any balance that might remain due them on the notes after the sale of the property described in the deed of trust, and the application of the proceeds thereof to the payment of the notes. The court below granted the prayer for the foreclosure of the deed of trust, but declined to grant the personal judgment prayed for against the appellees. The assignment of error challenges only the ruling of the court below on the appellants' request for this personal judgment.

The case was tried on an agreed statement of facts which is, in substance, as follows: The West Capitol Street Methodist Church is an unincorporated religious society,- and owns and occupies, in the city of Jackson, all of the real property it is permitted so to do by section 4169, Code 1930. Desiring to build a new church situated in another part of the city of Jackson, it decided to sell the property now owned by it, purchase another lot, and build a new church thereon. Pursuant to this intention it adopted a resolution authorizing the appellees to accept a deed from the appellants to a lot owned by them in consideration of ten dollars, cash in hand paid, and other valuable consideration, to be held in trust by the appellees for the use and benefit of the church, which deed was duly executed by the appellants.

The resolution further provided that the appellees "be further authorized to secure the unpaid purchase money on said property, and execute deed of trust in words and figures as follows: 'Whereas, we, the undersigned trustees (setting forth the name of the appellees), of the Capitol Street Methodist Church, and their successors in office, are justly indebted unto (setting forth the names of appellants), in the sum of twenty-five thousand dollars, evidenced by our certain promissory notes of even date herewith (describing notes).' " The deed of trust then proceeds in the usual form and concludes as follows:

"The trustees of the Capitol Street Methodist Church hereby covenant that they have full authority for and on behalf of said church to execute and deliver this trust deed in manner and form as executed and delivered, and further covenant that the same is valid and binding in manner and form as executed, and vests in the trustee for the benefit of the beneficiary the fee simple title, free and discharged from all encumbrances, to the property hereinbefore described.

"Witness our signatures, this the —— day of July, A. D. 1928.

"Trustees of Capitol Street Methodist Church
"by (setting out names of the appellees)."

The deed and deed of trust referred to in this resolution were executed in accordance therewith. The notes described in the deed of trust were signed "Trustees of the Capitol Street Methodist Church by (setting forth the name of each of the appellees)."

The trustees were also authorized to sell the other property then owned by the church, and they endeavored, without success, to so do.

The appellees are mere passive trustees of the property purchased by them from the appellants, and are vested with the legal title thereto solely for the use and benefit of the church.

If the law trusts here governs, the appellees are, of course, personally liable on these notes. A. L. I. Restate-

ment, Trusts (Tent. Draft, No. 4), section 254; but we will not decide that question, and will assume, for the purpose of the argument, that the law of agency here controls.

The West Capitol Street Methodist Church being an unincorporated religious society, is without the power to contract, and, therefore, the appellees were here acting for a nonexistent or incompetent principal. An agent contracting for such a principal becomes a party to the contract and liable to the contractee thereon unless the contract otherwise provides, or (probably) the nonexistence or incompetency of the principal is known to the contractee. Restatement, Agency, secs. 326 and 329; Mechem on Agencies (2 Ed.), sec. 1389 et seq.; Evans v. Lilly, 95 Miss. 58, 48 So. 612, 21 Ann. Cas. 1087; Alkahest Lyceum System v. Featherstone, 113 Miss. 226, 74 So. 151; Victor v. Adams, 140 Miss. 643, 106 So. 433; Johnson v. Howard (Miss.), 141 So. 573; Treas v. Price (Miss.), 146 So. 630.

It will not be necessary for us to decide whether an agent contracting for such a principal becomes a party to the contract and liable thereon in the event the disability of the principal is known to the contractee, for two reasons: (1) The agreed statement of facts does not disclose that the appellants knew that the church was not a legal entity. In none of the cases hereinbefore cited was the knowledge or want thereof of the contractee of the nonexistence or incompetency of the principal referred to. But see Merchants' & Planters' Packet Co. v. Streuby, 91 Miss. 211, 44 So. 791, 124 Am. St. Rep. 651. And (2) the appellees expressly covenanted "that they have full authority for and on behalf of said church to execute and deliver this trust deed in manner and form as executed and delivered." This warranty, of course, included the notes embodied in the deed of trust.

As hereinbefore pointed out, the evidence is silent as to the appellants' knowledge vel non of the nonexistence of the church as a legal entity, and there is no presump-

tion that they did so know, for the church could have become such an entity under section 4168, Code 1930, without any publicity, by proper entries on its own records.

But the appellees say that the purchase of the land for the benefit and use of the church violates section 4169, Code 1930, which fact the appellants knew when they executed the deed and received the notes and deed of trust, and, therefore, cannot invoke the aid of the courts in the collection of the notes. Whether they here violated the statute is of no concern of the appellees. They have acquired title to the land and can continue to use and enjoy it unless and until the right so to do is successfully questioned in a direct proceeding by the state. Quitman County v. Stritze, 70 Miss. 320, 13 So. 36; Taylor v. Alliance Trust Co., 71 Miss. 694, 15 So. 121; Middleton v. Georgetown Mercantile Co., 117 Miss. 134, 77 So. 956; State v. Sisters of Mercy, 150 Miss. 559, 115 So. 323; cf. Southern Realty Co. v. Tchula Co-op. Stores, 114 Miss. 309, 75 So. 121.

The court below should have awarded the appellants an ordinary personal deficiency judgment against the appellees.

Reversed and remanded.