SHEMPER *v.* HANCOCK BANK

In Banc. May 23, 1949.

(40 So. (2d) 742)

**H. W. Gautier,** for appellant.

**Ebb J. Ford, Jr.** and **Eaton & Cottrell,** for appellee.

**Montgomery, J.**

Hancock Bank brought suit in the Circuit Court of Jackson County against Israel Shemper on a note dated December 7, 1940 in the principal sum of $1,111.76, providing for interest at eight per cent per annum and fifteen per cent attorney's fees. The note was signed ''C & S Shemper Co. by I Shemper''. Shemper demurred, and after the demurrer was overruled, filed a plea of the general issue, and also filed a special plea in which he set up that the note was not the obligation of the defendant, Israel Shemper, and that he was not the maker or the endorser of said note. It was further set up in the plea that the Hancock Bank had on the 14th day of February, 1941, filed a bill of complaint in the Chancery Court of Harrison County, Mississippi, against Magee Truck Lines, Inc., and against C & S Shemper Company, which suit attached as Exhibit B to the said bill of complaint a copy of the note herein sued on, and in said bill of complaint sought a judgment against C. Shemper and S. Shemper as partners, trading as C & S Shemper Company, for the amount of said note, together with interest and attorney's fees thereon, which suit has never been heard or decided.

On the hearing of the cause in the court below, Mr. George E. Estes, the vice-president of the Hancock Bank, testified that a month or two before the execution of the note, Israel Shemper came by the bank and carried him over to the plant and showed him over it, referring to it as ''my business''. He stated that at the time the loan was made he thought the ''C & S Shemper Co.'' was a

trade name and he made no inquiry as to where the Shempers got the trade name. The only person he knew in the transactions with the bank was I. Shemper. He further testified that C & S Shemper Company was a trade name used by I. Shemper, and he so recognized C & S Shemper Company as a trade name in his dealings on behalf of the bank. Mr. Estes further testified that the suit filed in the chancery court, as aforesaid, was filed by the bank's attorney and Mr. Shemper's attorney in an effort to befriend I. Shemper by a recovery against the Magee Truck Lines and an application of the amount of the recovery against the note. He testified that the facts stated in the bill were furnished by the bank's attorney and Mr. Shemper's attorney, who were working together toward that end; but it is clear from the testimony that all the way through the bank had understood that C & S Shemper Company was a trade name used by I. Shemper in his business.

The defendant, I. Shemper, testifying in his own behalf, stated that C & S Shemper Company is a partnership composed of his wife, Carrie Shemper, and his daughter, S. Shemper, who at the time of the trial was about eighteen years old, and was ten years old at the time the note was executed on December 7, 1940. He testified, without objection, that he had been appointed guardian over his daughter's estate by the chancery court, and that the chancery court had authorized him to invest the daughter's funds in the partnership.

The case was submitted to the jury under proper instructions and the jury returned a verdict in favor of the bank, and judgment was accordingly entered against Israel Shemper in the sum of $1,874.91 and costs; and from this judgment he appeals to this Court.

On a former day the judgment of the lower court was affirmed by this Court without an opinion. 40 So. (2d) 280.

A suggestion of error has been filed, and appellant has earnestly requested that an opinion be rendered in order

to advise the parties of the basis of the affirmance. While, ordinary, we do not feel that the Court should be called upon to respond in ever case of a suggestion of error and file an opinion where none has been rendered on the affirmance of the case, nevertheless we feel that here the request should be granted and an opinion rendered setting up the views of the Court.

It is inescapable from the testimony in this record that S. Shemper at the time of the execution of the note was only ten years old, and the allegations of the plea and the testimony of the witnesses for the appellant show that the partnership, if any, was composed of C. Shemper, wife of I. Shemper, and S. Shemper, who, at the time of the execution of the note, was the ten-year-old daughter of C. Shemper and I. Shemper, and who, at the time of the trial was only eighteen years old. It is Hornbook law that a partnership is a contractual relation, and that parties must be competent to contract before they can enter the partnership relation. Owing to the minority of S. Shemper, she was unable to contract and hence was unable to enter into any form of partnership relation and thereby assume liability as a partner.

The fact, if it be a fact, that the chancery court in which her guardianship was pending had granted a decree authorizing I. Shemper to invest funds in the partnership, would not authorize such an investment of the ward's funds. Section 421 of the Code of 1942 provides how loans and investments of guardianship money may be made. There is no provision in the statute authorizing the investment of funds in a partnership. The guardian had no authority to make any such investment under the statute. Carlisle v. Love, 170 Miss. 621, 155 So. 197; In re Horne, 178 Miss. 714, 173 So. 660. The order of the chancery court, if there was any decree thereon authorizing the guardian to invest the ward's funds in the partnership, was a void order rendered without authority on the part of the court to render it, and was a nullity. No such decree of the chancery court, however, is to be found in this record. If there was such

a decree, it added nothing to the guardian's rights, and no protection can be given to the guardian by reason of any such void order. Luckett v. Brickell, 115 Miss. 457, 76 So. 502.

There is no testimony in the record showing any attempted authorization by any court of the minor to enter a partnership relation if, in fact, any such authorization could be validly had from a chancery court.

We do not here pass upon this matter, as it unnecessary for us so to do, as no such authorization by any such court is claimed in this suit.

 The principle is too well established to require the citation of authority to the effect that the liability of partners is joint and several, each partner being liable for all of the partnership debts with the right of contribution from the other members of the partnership. A minor, unable to enter the partnership relation, by reason of incompetency to contract, is not bound to the partnership liability for the partnership's obligation. Hence, S. Shemper was not bound for the payment of the note herein sued on. This would leave C. Shemper the only remaining alleged partner. It is fundamental that one cannot enter a partnership solely with himself and the partnership containing no other partner. Hence there was no partnership.

Section 61 of the Code of 1942 reads as follows: "Where the instrument contains or the person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as agent, or as filing a representative character, without disclosing his principal, does not exempt him from personal liability."

 It will be noted that under this statute where a person signs an instrument using the words indicating that he signed for and on behalf of a principal, he is not liable on the instrument if he was duly authorized to exercise such offer. In the event the person so signing

in a representative capacity was not duly authorized to so sign, then he is personally liable on the note. Sec. 59, Code of 1942; 8 Am. Jur. p. 215, sec. 468; Restatement Agency, vol. 2, sec. 324; 10 C.J.S., Bills and Notes, § 32 (3), p. 449; Peeples et al. v. Enochs et al., 170 Miss. 472, 153 So. 796.

S. Shemper, as aforesaid, was a minor and was not bound for the payment of the partnership liability, and particularly, was not bound for the payment of this note. When I. Shemper signed the names of the partnership as the agent for the partnership thereby undertaking to bind the partners in their several capacities, he was necessarily without authority to bind the minor, S. Shemper, for the payment of the note. S. Shemper, if a partner, would be liable for the entire amount of the debt, as this is the extent of the liability of each of the partners. Since she was not bound for the payment of the note, and I. Shemper had no authority to so bind her, and since a partnership of only one partner cannot exist, hence the principal was nonexistent and I. Shemper as agent for a nonexistent principal can claim no protection against liability under the provision of Section 61, above cited, and is liable for the payment of the note, together with interest and attorney's fees.

In addition, the question of whether C & S Shemper Company was a partnership or a trade name, was disputed in the pleadings and evidence. This issue was submitted to the jury under proper instructions. The jury found in favor of the plaintiff bank, and this is thoroughly in accord with the view that they found from the testimony that C & S Shemper Company was a trade name used by I. Shemper for the conduct of the business owned by him. We cannot say that such a holding is against the overwhelming weight of the evidence, and we decline to interfere and set aside the verdict of the jury.

For the reasons stated in this opinion, the judgment of the lower court was originally affirmed by this Court without an opinion, and the views of the court are now set out in order to afford an understanding of its decision.

Suggestion of error overruled.