STOULIG, Judge.
Plaintiffs, Mrs. Marion D. Durst and Lawrence H. Dupont, Jr., as conservators [1] of the estate of Mrs. Grace Parker Du-pont, their mother, obtained a judgment against their brother, Cyrille M. Dupont, for $8,500 with interest thereon at the rate of 5 percent per annum from August 14, 1968 until paid, representing the unpaid principal and interest due on a promissory note. Defendant has appealed.
Appellant admits executing the note and concedes he paid none of the principal and only part of the interest; however, he urged alternative special defenses of remis *514 sion and set-off, which he contends were erroneously rejected by the trial judge.
We preface our discussion of the merits of this appeal with a brief account of the transactions upon which the litigants rest their respective claims.
On August 14, 1968, Mrs. Grace Dupont, then possessing normal mental capacity, loaned defendant $8,500. Subsequently, the Chancery Court of Pearl River County, under the date of November 6, 1972, issued Letters of Conservatorship to plaintiffs for the “person and estate of Mrs. Grace Parker Dupont.” [2]
Defendant maintains his mother verbally remitted the debt on April 8, 1972, approximately seven months before the management of her affairs was granted to the conservators. His contention is not supported by the record. In fact the action of defendant and his attorney subsequent to the alleged remission proves the debt was not extinguished. To illustrate: (1) On April 10, 1972, defendant listed this debt as a liability on a financial statement he furnished a New Orleans bank. (2) In response to a demand for payment of this note by the conservators, the defendant in a letter from his attorney dated March 7, 1973 acknowledged his indebtedness on the instrument and promised to pay on receipt of “proper notice” of demand for payment.
To bolster his sagging defense of remission, defendant visited his mother at the nursing home where she resided in Pop-larville, Mississippi, on February 22, 1974 (approximately seven weeks before the date of trial), at which time appellant typed the following letter for her signature :
“This letter will serve as a complete receipt by me for all principal and or interest payments that might be construed to be due me on the $8500.00 Note given to me by you in the summer of 1968. This matter is paid in full for the services you rendered to me prior to this date. This will certify that this note has been misplaced by me and could not be located in order to mark “PAID IN FULL”. This letter receipt further confirms our conversation held in April 1972 wherein I indicated that this obligation was fully satisfied.”
Though fully aware that the court-appointed conservators were charged with managing her business affairs, at the defendant’s request his mother signed the letter. The trial court concluded the quoted letter did not constitute a forgiveness of the debt because Mrs. Dupont did not understand its import.
Appellant argues the judgment is premised on inadmissible evidence, i. e. the deposition of a psychiatrist (Dr. Robert O. Lancaster) whose availability to testify personally was not negated prior to its introduction. We need not resolve this issue because Mrs. Dupont was incapacitated from acting on her own behalf when she signed the letter of February 22, 1974. The only persons who could validly transact business involving her estate were her conservators.
The Mississippi Code of 1942 provides:
“Should the court appoint the conservator of the property and/or person of the subject party, the said conservator shall have the same duties, powers and responsibilities as a guardian of a minor, and all laws relative to the guardianship of a minor shall be applicable to a conservator.” § 434-05.
“So long as there is a duly appointed conservator, the person whose property and/or person is in the charge of such conservator shall be limited in his or her contractual powers and contractual obli *515 gations and conveyance powers to the same extent as a minor.” § 434-06.
In Mississippi, a minor may only execute a valid contract for necessities.[3] We recognize the validity of the appointment of the Mississippi court under full faith and credit[4] and comment the action apparently was warranted by Mrs. Dupont’s propensity in later years to sign whatever document was placed before her. There are two in the record: the letter of February 22, 1974 previously mentioned, and a letter of July 27, 1972. In the letter of July 27, 1972, typed by one of the conservators, 'Mrs. Dupont’s attorney was instructed to collect various debts due by defendant to his mother. This letter is suspect because the precaution was taken of having two witnesses attest to her signature and, as the trial judge commented, this is most unusual. The month after it was written, Mrs. Dupont was hospitalized in DePaul.
Without attempting to resolve the ethics of the game of one-upmanship between plaintiffs and defendant in which all engaged in having their mother sign various documents, we note that her willingness to submit to these requests indicates her inability to act on her own behalf. Once the conservators were appointed, she could not sign a document that could validly ratify a verbal remission of, or acknowledge services rendered that would extinguish, the debt. Thus we give no effect to the alleged written acknowledgment because Mrs. Dupont had no capacity to execute it.
As to the defense of set-off, we conclude there is no evidence to establish that defendant rendered services to his mother equivalent to or in excess of the value of the unpaid note. His general statements that he advised her on financial investments, tax advice, stock transactions, and day-to-day business affairs fall far short of the specificity, valuation and corroborating proof required by C.C. art. 2277 necessary to sustain a claim in excess of $500.
The defendant urges that the trial court erred in rendering judgment for interest from the date of the note (1968) rather than from 1969, the date of the last payment judicially admitted in plaintiffs’ petition. To this extent the judgment must be amended and corrected.
During the pendency of this appeal Mrs. Dupont died and the executor of her estate, Lawrence H. Dupont, Jr., was substituted as a party plaintiff.
For the reasons assigned, the judgment appealed from is amended and recast so as to read as follows: It is ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff Lawrence H. Dupont, Jr., executor of the estate of Mrs. Grace Parker Dupont, and against the defendant, Cyrille M. Dupont, in the full sum of $8,500 with interest thereon at the rate of 5 percent per annum from December 15, 1969 until paid. All costs in both courts are to be paid by the defendant.
Amended and affirmed.

. Mississippi’s counterpart of our curator.

. The Letters of Conservatorship, certified in accordance with the Act of Congress, were received in evidence.

. Greene v. Greene, 145 Miss. 87, 110 So. 218 (1926) ; Shemper v. Hancock Bank, 206 Miss. 775, 40 So.2d 742 (1949).

. U.S.Const. Art. 4, § 1.