## NEWMAN *v.* NATIONAL FIRE INS. CO.*

(Division B. Sept. 24, 1928.)

[118 So. 295. No. 26842.]

*Corpus Juris-Cyc References: Fire Insurance, 26CJ, p. 77, n. 57; p. 100, n. 97.

*Barbour & Henry,* for appellant.

*R. L. McLaurin,* and *Campbell & Campbell,* for appellee.

ANDERSON, J. Appellant brought this action in the circuit court of Yazoo county against appellee, on two fire insurance policies issued by the latter to the former. Appellant alleged, in her declaration, that the policies sued on covered her fire loss on an unoccupied building in Yazoo City. Appellee demurred to appellant's declaration, which demurrer was sustained. Appellant was given leave to amend her declaration, which leave she declined, and, thereupon, final judgment was entered dismissing the suit, from which judgment appellant prosecutes this appeal.

Perhaps appellant's case could not be more clearly and succinctly stated than as set out in her declaration, which follows, leaving off its formal parts:

"The plaintiff, Callie Newman, by attorneys, by this her amended declaration, filed by leave of court heretofore granted, complains of the National Fire Insurance

Company of Hartford, Connecticut, an insurance corporation existing under the laws of the state of Connecticut, and duly authorized and licensed to do business in the state of Mississippi, and for her cause of action alleges as follows, to-wit:

"On the dates hereinafter mentioned, the plaintiff was the owner of certain property in Yazoo City, Mississippi, situated at No. 118, on the west side of Champlain avenue in said city, and indicated on a certain record kept by the defendant and other insurance companies doing business in the state of Mississippi, for purposes of identification and rating, as Block 3A, Sheet 15, in said city; that said property consisted of certain materials useful and valuable for the purpose of building and re-building, the same being in the form of the remains of what had been a building or structure, but which, at all of said times, was in such dilapidated condition that it was unfit for occupancy, and was of no value whatsoever except the actual value of the planks, boards, brick, and other substance therein, useful as building material; that the plaintiff, prior to the dates alleged hereinafter, purchased said property as and for building material, for the purpose of using the same in the erection of a frame, one story, composition-roof theater; that, on or about September 10, 1926, the defendant company was doing business as aforesaid, and had in Yazoo City general agents, with full authority to write and issue policies of insurance binding upon the defendant company, and, on or about said date, the plaintiff, as the owner of the material aforesaid, applied to said agents of the defendant for insurance on said property, and said agents either inspected the said property and material, or were already fully advised and informed of the exact location and character of said property, and said agents were then and there advised by the representative of the plaintiff that insurance was desired on said property as material which

could be used in the erection and construction of a theater as aforesaid.

"Plaintiff further alleges that said property, under the system of rating adopted by the defendant and other insurance companies doing business in the state of Mississippi, and as rated by the authority for that purpose under the laws of the state of Mississippi, was uninsurable as a building, and this fact was fully known to the agents of the defendant at all times hereinafter stated, and said agents knew that said property could be insured only as building material, and the plaintiff's representative seeking said insurance also knew said fact.

"Plaintiff alleges that, on September 10, 1926, and on December 3, 1926, the defendant's said agents issued and delivered to the plaintiff its two policies of insurance, which were filed herewith, and made Exhibits A and B hereto, and a part hereof as if fully set out herein, and, by said policies of insurance, which were wholly written and prepared by said insurance agents, did intend to and did insure the plaintiff, as the owner, and the plaintiff accepted said policies of insurance, as intended by said agents, to insure the said material as building material to be used in the construction of theater as aforesaid, and said property, being, as aforesaid, certain planks, boards, brick, and other materials on the premises in the form of a partially demolished, uninhabited, and untenantable building, was, by said Exhibit A and B, insured as building material, as aforesaid.

"Plaintiff further alleges that said partially demolished building was purchased by her as building material only, and was of no value for anything else, but, at the time of the issuance of each of said policies, was of the value, as building material aforesaid, of the sum of four thousand dollars, which fact was known to the agents of the defendant writing said policies. Plaintiff further alleges that she had, at the time of the issuance of said

policies, entered formally into contract with a responsible contractor to build a theater on the said premises, and the building material on said premises as aforesaid had been checked and an itemized statement made thereof, showing exactly the character, quantity, and value of each article as building material, and her said contract with said contractor had provided that said material should be used as a part of the material in the construction of said theater, and for which she was to be given credit for its said value on the contract price for the construction of said theater by said contractor; that all of said facts were known to the said agents writing said policies of insurance, and with said knowledge the said policies were issued to cover, and did cover, building materal on the said premises.

"Plaintiff further alleges that the said material, in the form aforesaid, as a dilapidated building, or incomplete building, was to be used in the construction of said theater, without tearing down or removing a part thereof, and a part of the said material was to be removed from the said dilapidated building and replaced elsewhere in the new building, to make a completed building, or theater, as aforesaid, all of which facts were known to said agents writing said insurance, and said policies of insurance were issued to cover the said materials aforesaid.

"Plaintiff further alleges that, on December 6, 1926, the said property insured was wholly destroyed by fire, and at said time, although plaintiff had, in good faith, executed her contract to build as aforesaid, the contractor had been delayed in actually placing other material on the premises, or actually moving any of the material from its position when insured, or from expending any money in and about the building of said theater; that said delay, and the facts incident to and causing same, were reported to and made fully known to the said agents of de-

fendant writing said insurance, and with such knowledge the said policies of insurance were permitted to continue and remain in full force and operation.

"Wherefore, the plaintiff alleges that, by said policies of insurance, her said property became and was insured under a Builders' Risk Form, the wording and language of which was wholly prepared by the said agents of defendant, and accepted by the plaintiff, and which form of insurance, plaintiff alleges, when properly construed and understood in the light of the facts herein alleged surrounding the issuance of said policies, and the continuance thereof in force, became a binding contract and obligation on the part of the defendant to pay the plaintiff in the event said property was destroyed by fire, the said plaintiff having paid the insurance charges required and demanded of her by the said agents of the defendant company.

"Defendant has denied liability, and refused, after request, to furnish plaintiff blank proofs of loss.

"Wherefore, plaintiff brings this suit, and prays judgment against the said defendant for the sum of two thousand dollars ($2,000), with interest thereon from February 7, 1927, and all costs in this behalf expended."

Appellant made the fire insurance policies sued on exhibits to her declaration, to each of which there was attached, as a part of said insurance contracts, "Builders' Risk Form," which stipulates, among other things, as follows:

"$1,000—On the material actually on the grounds to be used and actually used as well as the cost of labor actually performed on the one-story frame building (incomplete) with composition roof while in course of construction. To be occupied on completion as theater. . . . It is distinctly understood and agreed that this insurance is not intended for any sum to cover on a completed building as such."

It will be observed from the declaration that the building materials alleged to have been covered by the policies of insurance consisted of an old, dilapidated, one-story, frame building, the materials in which appellant intended to use, in part, in the construction of a new theater building, and that the first policy was issued by appellee to appellant on September 10, 1926, and the second on December 3, 1926, and that on December 6, 1926, the building was wholly destroyed by fire, and that, up to that time, appellant had done nothing toward constructing, out of the materials of the old building, the new building to be used as a theater, except when both policies of insurance were issued the contract had been let for the construction of the theater. So far as the declaration shows, neither the appellant, nor the contractor, had taken any steps whatever toward building the theater except to enter into a contract for that purpose.

Appellee's position is that the ''Builders' Risk Form,'' by its express terms, covered only the building materials on the ground while the theater building was in course of construction; while appellant's contention is that the phrase in the ''Builders' Risk Form,'' viz., ''while in course of construction,'' should be treated as surplusage and disregarded for the reason that, as averred in her declaration, the appellee was fully informed, when the policies were issued, that the theater building was not then in process of construction.

The stipulation in the ''Builders' Risk Form'' is not open to construction; its language is plain and unambiguous. It covers fire loss on building material on the ground—''to be used and actually used . . . on the one-story, frame building (incomplete) with composition *while in course of construction* . . . to be occupied on completion as theater . . . not intended for any sum to cover on a completed building as such.''

What was said by the supreme court of the United States in *Lumber Underwriters* v. *Rife,* 237 U. S. 609, 35 S. Ct. 718, 59 L. Ed. 1140, is pertinent here:

"No rational theory of contract can be made that does not hold the assured to know the contents of the instrument to which he seeks to hold the other party. The assured also knows better than the insurers the condition of his premises, even if the insurers have been notified of the facts. If he brings to the making of his contract the modest intelligence of the prudent man he will perceive the incompatibility between the requirement of one hundred feet clear space and the possibilities of his yard, in a case like this, and will make a different contract, either by striking out the clause or shortening the distance, or otherwise as may be agreed. The distance of one hundred feet that was written into this policy was not a fixed, conventional formula that there would be trouble in changing, if the insured would pay what more, if anything, it might cost. Of course if the insured can prove that he made a different contract from that expressed in the writing he may have it reformed in equity. What he cannot do is to take a policy without reading it and then when he comes to sue at law upon the instrument ask to have it enforced otherwise than according to its terms. The court is not at liberty to introduce a short cut to reformation by letting the jury strike out a clause."

To the same effect are the cases of *Germania Life Insurance Co.* v. *Bouldin,* 100 Miss. 660, 56 So. 609, and *Phenix Insurance Co.* v. *Dorsey,* 102 Miss. 81, 58 So. 778, in which latter case the court, among other things said:

"The courts will not attempt to limit the right of contract, and no court can make a contract which was never agreed to by the parties to the contract. Courts are not authorized to modify, add to, or subtract from the terms of a valid contract."

The trouble with appellant's case is that the property intended to be covered by the insurance, namely, the building materials on the ground to be used and actually being used in the construction of the theater building, was not in existence, either when the policies were issued, or when the fire loss took place. It is true the old building which was to furnish part of the materials for the new was on the ground, but no part of it was being used in the construction of the new building, because such construction had not begun. We are of the opinion that, under a fair construction of the language of the policies, they had not gone into effect when the fire occurred, because the property insured had not come into existence. It is also true that the first policy issued states, in the usual form, that the property was insured for a term of three months from the 3d day of September, 1926, the date of the policy, and the second one, in the same manner, states that the property was insured for three months from the 3d day of December, 1926. But, as shown, the policies expressly provided in the "Builders' Risk Form" attached to each of them that the property was only to be insured during the construction of the theater. Construing these two provisions together, we think the policies mean that they were to take effect on the day they were issued, provided that, at that time, the new building was in process of construction, and, if not in process of construction, that they should not take effect until the construction was begun. Although a policy, by its terms, is to take effect on a certain date, yet it may be shown that because of failure to comply with some condition precedent, it did not take effect until a subsequent day. Cooley's Briefs on Insurance, vol. 1, page 833. A "Builders' Risk Form" in a policy may properly be likened to a marine risk on a cargo of goods. Although insurance may be taken out

in advance, the risk does not begin until the loading begins. 1 Cooley's Briefs on Insurance, page 835.

*Affirmed.*

