Hezekiah PATTON, Jr., Plaintiff,

v.

AETNA INSURANCE COMPANY and
Shaw-Shelby Insurance Agency,
Inc., Defendants.

No. DC83–263–NB–D.

United States District Court,
N.D. Mississippi,
Delta Division.

Sept. 17, 1984.

Ellis Turnage, Cleveland, Miss., for plaintiff.

Roy A. Smith, Jr., Jackson, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause came on for hearing on the defendants' motions for summary judgment, the plaintiff's cross-motion for partial summary judgment as to the issue of coverage under an insurance policy, and the defendants' alternative motions for partial summary judgment as to the issue of punitive damages. Having considered the pleadings, affidavits, depositions, and memoranda filed by the parties, and being fully advised in the premises thereof, the court is now in a position to rule on these motions.

This cause arose from the following facts, which are undisputed unless otherwise indicated. The plaintiff Hezekiah Patton, Jr. (Patton) purchased an old vacant house, which he intended to remodel into a convenience store. After obtaining a renovation loan, the plaintiff purchased two insurance policies on the house. The second insurance policy, a $40,000.00 "builder's risk" policy with the defendant Aetna Insurance Company (Aetna) which is the subject matter of this suit, was sold to the plaintiff on September 11, 1980, by the defendant Shaw-Shelby Insurance Agency, Inc. (Shaw-Shelby). This policy by its terms protected against certain types of damages occurring to the building "while in the course of construction." The house was destroyed by a fire of unknown origin on October 3, 1980. Apparently, the only work which had been performed at that time was the unhooking of plumbing and gas lines, the removal of a furnace, the removal of lattice work around the house, and discussions with two contractors regarding lowering of the house. The plaintiff seeks both recovery for the fire loss under the builder's risk policy as well as punitive damages; the defendants deny liability on the grounds that the house was not "in the course of construction" at the time of the fire.

## DEFENDANT SHAW–SHELBY'S MOTION FOR SUMMARY JUDGMENT

With respect to Shaw-Shelby, the plaintiff has failed to demonstrate any grounds for the imposition of liability. The defendants have asserted that the plaintiff selected Shaw-Shelby, that he specifically requested the builder's risk policy, and that neither Shaw-Shelby nor any of its employees recommended this particular policy to the plaintiff. The plaintiff has in no way denied these allegations or raised any issue as to their truth. Furthermore, the plaintiff has made no specific allegations of negligence or wrongdoing against Shaw-Shelby or any of its employees. Thus, any cause of action against Shaw-Shelby must be founded upon the refusal of the defendant Aetna to pay the plaintiff under the insurance contract. An insurance agent acting on behalf of a disclosed carrier principal in procuring insurance policies for a client does not become a party to the insurance contract; thus, he may not be liable for damages caused by breach of the contract by the insurance company. *Emersons, Ltd. v. Max Wolman Co.*, 388 F.Supp. 729, 735 (D.D.C.1975). Therefore, the defendant Shaw-Shelby's motion for summary judgment is well taken and should be granted. Inasmuch as there is no just reason for delay, a final judgment shall be entered in favor of this defendant. Fed.R.Civ.P. 54(b).

## DEFENDANT AETNA'S MOTION FOR SUMMARY JUDGMENT PLAINTIFF PATTON'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY

Both defendant Aetna and plaintiff Patton assert that summary judgment as to

coverage is appropriate since there is no issue as to whether the policy was in effect.

As previously stated, the policy in issue covered certain damages occurring to the house "while in the course of construction." The parties do not dispute that Patton performed some work on the house before it was destroyed by fire. However, the defendant insurer contends that Patton's activities were merely preparation for "construction," and therefore the loss was not within the risk assumed by the defendant under the policy.

■ As the opposing positions of the parties in this lawsuit demonstrate, the word "construction" is susceptible to varying interpretations. This court should construe ambiguous terms in an insurance contract so that the purpose of the policy will not be defeated. *See, e.g., Aetna Life Insurance Co. v. Evins*, 199 So.2d 238, 241 (1967). As a federal court sitting in diversity, the court is *Erie* bound to follow the substantive law of the State of Mississippi as to any interpretation. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938).

*Newman v. National Fire Insurance Co.*, 152 Miss. 344, 118 So. 295 (1928) is the only Mississippi case found that construes a builder's risk policy. Therein, fire destroyed lumber obtained from an old, dilapidated structure which the insured had demolished to acquire building material for a theatre. The policy in issue covered "material actually on the ground to be used or actually used ... while in the course of construction...." Although the lumber was on the ground at the time of the fire, the insurer had not begun using it in constructing a theatre. The Mississippi Supreme Court determined that the insured property, *i.e.*, building materials on the ground to be used or actually being used in the construction of the theatre, had not come into existence at the time of the fire. Therefore, the loss was not covered by the builder's risk policy. *Id.* at 349, 352, 218 So. at 296–97.

This court has some doubts regarding the Mississippi Supreme Court's decision in *Newman;* however, that case is factually distinguishable from the situation at bar. The insured property in the present case, *i.e.*, the building, was undoubtedly in existence at the time of the fire; furthermore, the plaintiff Patton undisputedly unhooked gas and plumbing lines, and removed both lattice work and a furnace from the house. Most significantly, the parties in *Newman* contemplated the erection of an entirely new building, whereas the parties in the present case understood that the plaintiff Patton intended to "renovate" a building, which necessarily entails both additions to and removals from an existing structure. Thus, *Newman* is of little help in construing the insurance contract's ambiguous provision.

■ It is well established law that ambiguities in an insurance contract are reasonably construed in favor of the insured. *See, e.g., Brander v. Nabors*, 443 F.Supp. 764, 769 (N.D.Miss.), *aff'd*, 579 F.2d 888 (5th Cir.1978); *State Farm Mutual Automobile Insurance Co. v. Taylor*, 233 So.2d 805, 810 (Miss.1970). Furthermore, the policy must be construed in the light of its purpose and the hazards it was designed to protect against. *Great American Insurance Co. v. Bass*, 208 Miss. 436, 439, 44 So.2d 532, 533 (1950). The parties in the present case understood that Patton intended to renovate the house; thus, it is reasonable on these facts to interpret "construction" as encompassing alterations of any type, whether additions or removals. Accordingly, we hold as a matter of law that the endeavors of Patton constitute "construction" such that the policy was in force at the time of the fire. The motion by the plaintiff Patton for partial summary judgment as to liability therefore is well taken and should be granted. Accordingly, the motion for summary judgment by the defendant Aetna should be denied.

## DEFENDANT AETNA'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PUNITIVE DAMAGES

Defendant Aetna alternatively asserts that if its motion for summary judgment is

denied, it is entitled to a partial summary judgment foreclosing liability for punitive damages. In view of this court's denial of full summary judgment for Aetna, we must address this alternative motion.

■ Punitive damages should not be assessed against an insurance company for failure to pay an insurance claim unless the company had no arguable reason to deny coverage. *Consolidated American Life Insurance Co. v. Toche,* 410 So.2d 1303, 1305 (Miss.1982). In resolving cases dealing with bad faith, and particularly in determining whether punitive damages are appropriate, the Mississippi Supreme Court has held that if a genuine dispute over coverage exists, such dispute furnishes an arguable reason for refusing a claim whereby punitive damages are improper. *See id.* The court has also held that an arguable basis to deny payment exists when there is an issue as to whether the plaintiff has satisfied a condition or other term of the policy. *See New Hampshire Insurance Co. v. Smith,* 357 So.2d 119, 120 (Miss.1978). The general rule which prevails in this jurisdiction is that if, as a matter of law, there is an arguable reason for the insurance company to deny liability on the policy, punitive damages are improper regardless of whether the insurance company prevails or loses on the issue of liability. *See Henderson v. United States Fidelity & Guaranty Co.,* 620 F.2d 530, 536 (5th Cir.1980); *Reserve Life Insurance Co. v. McGee,* 444 So.2d 803, 809 (Miss. 1983); *Standard Life Insurance Co. of Indiana v. Veal,* 354 So.2d 239, 248 (Miss. 1978); *Lincoln National Life Insurance Co. v. Crews,* 341 So.2d 1321, 1322 (Miss. 1977). In *Michael v. National Security Fire & Casualty Co.,* 458 F.Supp. 128 (N.D.Miss.1978), it was noted that punitive damages are improper if the insurer has a legitimate or arguable reason for failing to pay the claim; furthermore, failure to pay must constitute "some intentional wrong, insult, abuse or gross negligence which amounts to an independent tort." *Id.* at 131.

■ In the present case, the plaintiff Patton testified in his deposition that any work on the house was merely to *prepare* for renovation. The court is of the opinion that this statement provided an arguable reason for Aetna to deny liability on the insurance policy.

■ The plaintiff also argues, under *Reserve Life Insurance Co. v. McGee,* 444 So.2d at 809, that partial summary judgment regarding punitive damages in an insurance case is inappropriate when the ultimate issue of liability under the insurance contract must be determined at trial. This court reaffirms its decision in *O'Connor v. Equitable Life Assurance Society of the United States,* 592 F.Supp. 595 (N.D.Miss. 1984), in holding that *Reserve Life* has no applicability to pre-trial procedure.

Accordingly, the court is of the opinion that the defendant Aetna's motion for partial summary judgment as to the issue of punitive damages is well taken and should be granted.

Let an order issue accordingly.