KETCHAM *v.* MISSISSIPPI OUTDOOR DISPLAYS, INC., *et al.*

(In Banc.   Jan. 12, 1948.   Suggestion of Error Overruled Feb. 9, 1948.)

[33 So. (2d) 300.   No. 36611.]

Alexander, Alexander & Chill, of Jackson, for appellant.

**Wm. Harold Cox**, of Jackson, for appellee, Mississippi Outdoor Displays, Inc.

**Lotterhos, Travis & Dunn,** of Jackson, for appellees, Ben S. Lowry and S. V. Crowe.

Argued orally by **Jas. A. Alexander**, for appellant, and by **Wm. Harold Cox** and **Vardaman S. Dunn**, for appellees.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

Appellant filed suit in the Chancery Court of Hinds County for discovery and a decree awarding judgment against Mississippi Outdoor Displays, Inc., Ben S. Lowry, and S. V. Crowe, stockholders, and President and Vice-President, respectively, of the corporate appellee, because of a note executed to appellant by the corporation through appellee Lowry as President thereof, which was also signed and endorsed by the appellant's nephew, William Gowdy. He was dead when suit was filed and so was not a defendant in it.

The final decree reveals the controlling issues involved so far as the Mississippi Outdoor Displays, Inc., is concerned, and we quote: "Finds that the note in suit was executed by Mississippi Outdoor Displays, Inc., as an accommodation maker without consideration, and in excess of its corporate powers, and that no fraud was perpetrated on the complainant to induce her to accept said note, and that the complainant is not entitled to the relief requested . . . " It was further ordered, adjudged and decreed that the appellant "do have and recover nothing of and from the defendants, Mississippi Outdoor Displays, Inc., Ben S. Lowry, and S. V. Crowe, and the bill of complaint . . . is dismissed with prejudice . . . "

The purpose of the discovery feature in the original bill was to determine who was liable on the note, and appellant in her brief urges that "the corporate liability on the note is fixed, if there was any consideration for the

execution of the note, whether known or admitted by Mrs. Ketcham. Absolute failure of consideration must be shown by the defendants.'' And appellant furthermore takes the position here, as she did in the trial court, that ''if the corporation is not liable for any reason, short of fraud, which is not asserted, then Ben S. Lowry, President and agent, acting for the corporation in signing the note, must pay the note.''

It is to be noted that a defense of the corporate appellee is that the note is unenforceable as against it because the same is not supported by any consideration, and it cites H. B. Owen Tie Co. v. Bank of Woodland, 136 Miss. 114, 101 So. 292, and Godchaux Sugars, Inc., v. Fink, 188 Miss. 531, 195 So. 318. On this point, the appellant relies on Miller v. Bank of Holly Springs, 131 Miss. 55, 95 So. 129, 31 A. L. R. 698. In that case, there was some consideration, but in the case at bar there was no consideration, so that the Miller case is not in point here.

It is not deemed necessary to detail the mass of conflicting testimony on which the Chancellor based his finding of facts as to the Mississippi Outdoor Displays, Inc. In our opinion such finding was amply supported by the evidence. It is proper to point out, however, that appellee Crowe was only a director in the corporation, did not sign the note, and no liability against him was developed in the case. Since the final decree, furthermore, made no specific finding of facts as to Ben S. Lowry, it is pertinent to state that the evidence sustains the claim that he was President of the Mississippi Outdoor Displays, Inc., at the time the note in suit was signed, and that he signed it by authority, but its purpose and effect was an act of accommodation to a third party, William Gowdy, in his adjustment of his personal indebtedness to appellant, his Aunt. The Chancellor dismissed the bill as to the appellee Ben S. Lowry, whereby he found the above facts to be true, and we think such conclusion was amply supported by sufficient testimony before him.

Our attention has been called to the case of Orgill Bros. v. Perry, 157 Miss. 543, 128 So. 755, 756, where the Court said: "Section 20, Negotiable Instruments Law, section 2774,.Hemingway's Code 1927, among other things, provides that: 'Where the instrument contains or the person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized.'" In the case at bar, Lowry was duly authorized to execute this note as President of the corporation, which, however lacked the power to bind itself thereby. It was organized for the sole purpose of conducting an outdoor advertising service, and not empowered by its charter to execute notes or assume obligations as an accommodation to others. See 13 Am. Jur. 826, Sec. 818, where the rule is declared to be that "Unless the corporation is specially authorized to do so, the execution or endorsement of accommodation paper for the benefit of third persons is an act beyond the scope of its corporate authority." The Chancellor was correct in dismissing the bill as to the Mississippi Outdoor Displays, Inc.

We think, also, that he was correct in doing so as to Crowe, as stated above. He was also justified by sufficient evidence, and the law, in exonerating appellee Lowry from liability, and in dismissing the bill as to him. It is declared to be the law, by respectable authority outside of this State, that: "There is no implied warranty by an agent that his principal has authority to make a contract signed by the agent; and the agent, acting within the scope of his authority, is not answerable upon such a contract where his principal is not bound by it merely because he had no authority to enter into the particular contract." 2 Am. Jur., Sec. 318, p. 249.

In Mississippi, both phases of liability as affected by the lack of power by the corporation and the possession of authority by the agent have been decided adversely

to the contentions of appellant in the case of McCarty v. Love, 145 Miss. 330, 110 So. 795. In that case, the Mississippi Beneficial Life Insurance Company, chartered to do a life insurance business, assumed the liability of suretyship upon the bond of a bank cashier, which bond was duly signed by the president of the life insurance company by its authority. Claim was made against this life insurance company upon its assumed liability as surety upon the fidelity bond, the cashier having defautled. The president was made a co-defendant. Both the corporation and the individual defendant contested liability; the former because its act in becoming surety was beyond its charter powers, or ultra vires; the individual, because he had authority of his principal to sign its name to the bond as surety while it had no power to so commit itself on such an obligation. Both defenses were sustained by this court, and it is obvious that the came issues are now before us in the instant case.

After recognizing the the act of the life insurance company was beyond its corporate power and hence it was not liable on the bond, the court dealt with the question of the liability of the president individually, and said: "It is claimed that appellant Walker, by signing the name of the life insurance company to the bond as surety, . . ., became personally liable on the bond because the act of the company in signing the bond was ultra vires. The great weight of authority and, we think, the better reasoned cases answer this question in the negative. Greenberg v. [Whitcomb] Lumber Co., 90 Wis. 225, 63 N. W. 93, 28 L. R. A. 439, 48 Am. St. Rep. 911, and note on pages 915, 916; Thilmany v. Iowa Paper Bag Co., 108 Iowa 357, 79 N. W. 261, 75 Am. St. Rep. 259; Merchants' & Planters' Packet·Co. v. Streuby, 91 Miss. 211, 44 So. 791, 124 Am. St. Rep. 651." An examination of the McCarty case will disclose the reasoning of the court, and, therefore, we do not set it out here.

Since, after carefully considering the record and all of the excellent briefs for all parties, we have, as stated,

concluded that the Chancellor was justified in dismissing appellant's bill as to all appellees, we affirm the decree of the trial court.

Affirmed.

**Alexander, J.,** took no part in this decision.