STEEN, et al. *v.* ANDREWS, d/b/a ANDREWS MOTOR COMPANY.

No. 39574          March 28, 1955          78 So. 2d 881

*John W. Crisler,* Clarksdale, for appellant.

*Charles L. Sullivan* and *Stovall Lowrey,* Clarksdale, for appellee.

GILLESPIE, J.

This case involves the question of whether the manager of a used car lot, which was owned by a non-resident of the state, had the power to bind the owner in accepting surrender of an automobile in full satisfaction of a note given by purchaser as part of the purchase price. The facts are practically without dispute. Andrews lived in Memphis; he owned and operated a used car sales lot in Coahoma County, Mississippi. Gunn was general manager of the Mississippi used car lot. As between Andrews and his general manager, Gunn, the latter did not have authority to accept surrender of cars previously sold in satisfaction of the balance of the purchase price without previous approval of Andrews. No such approval was given in connection with the hereinafter mentioned transaction.

Appellant Steen, not knowing of any limitation on the authority of Gunn, purchased an automobile from appellee's Mississippi used car lot on December 29, 1952. Appellant paid $200 in cash, gave appellee an open note for $139.00, due March 15, 1953, and executed a conditional sales agreement for $987.00, due in 21 monthly payments of $47.00 each. Gunn handled all phases of this transaction for appellee. Steen did not know Andrews. Appellee sold the $987.00 conditional sales contract to Murdock Acceptance Corporation of Memphis.

A few days after Steen purchased the automobile the motor knocked and he requested Gunn to have the motor repaired. Several times Steen took the car to Andrews Motor Company in an effort to get Gunn to repair the motor. Gunn, finally, on February 11, 1953, told Steen that he was not going to do anything about the car. Steen then delivered to Gunn, general manager of Andrews Motor Company, the automobile and keys and all the papers in connection with the transaction, and Gunn told Steen that the delivery of the automobile settled all debts due thereon. A short time later, Steen received

through the mail the conditional sales contract from Murdock Acceptance Corporation, and that corporation made no further claim against Steen. About a year later, Andrews brought this suit on the $139.00 note. Gunn was dead when the suit was filed. What Andrews Motor Company did with the car after its delivery to Gunn at the Andrews Motor Company place of business is not disclosed, but appellee does not contend that the automobile was ever returned or tendered to appellant.

When Andrews put Gunn in full charge of the used car lot as general manager, with authority to conduct the business of selling automobiles to the public, the owner thereby clothed his agent, Gunn, with authority, as far as third persons were concerned, to handle transactions in reference to the sale of such automobiles and matters arising incident to such sales, such as the settlement of a controversy in regard thereto by acceptance of the surrender of the automobile in settlement of the balance of the purchase price, with the same consequences, as far as the purchaser was concerned, as had Andrews himself handled the transaction. Cannady's Used Cars v. Dowling, 72 So. 2d 696.

In the Cannady's Used Cars case, the issue of apparent authority was submitted to the jury, and the court concluded that the agent was vested with apparent authority. In the case at bar, appellee admitted that Gunn was in charge of the Andrews Motor Company as general manager. Hence, there is no dispute of fact here on the question of apparent authority.

The power of an agent to bind his principal is not limited to the authority actually conferred upon the agent, but the principal is bound if the conduct of the principal is such that persons of reasonable prudence, ordinarily familiar with business practices, dealing with the agent might rightfully believe the agent to have the power he assumes to have. The agent's authority as to those with whom he deals is what it reasonably appears to be. So far as third persons are concerned, the ap-

parent powers of an agent are his real powers. 2 C. J. S., Secs. 95, 96. This rule is based upon the doctrine of estoppel. A principal, having clothed his agent with the semblance of authority, will not be permitted, after others have been led to act in reliance of the appearance thus produced, to deny, to the prejudice of such others, what he has theretofore tacitly affirmed as to the agent's powers. 2 C. J. S., Sec. 96 (c). There are three essential elements to apparent authority: (1) Acts or conduct of the principal; (2) reliance thereon by a third person, and (3) a change of position by the third person to his detriment. All must concur to create such authority. 2 C. J. S., Sec. 96(e). All three elements concur in this case.

There was no factual issue for the jury to decide. The peremptory instruction requested by appellant should have been granted. The case is, therefore, reversed and judgment rendered here for appellant.

Reversed and judgment rendered here for appellant.

*Roberds, P. J.,* and *Hall, Kyle* and *Arrington, JJ.,* concur.