Taylor **WEBB**, Plaintiff,

v.

**CULBERSON, HELLER & NORTON, INC., et al., Defendants.**

**No. GC 72–34–S.**

United States District Court,
N. D. Mississippi,
Greenville Division.

April 26, 1973.

---

Thomas R. Crews, Jackson, Miss., Charles L. Sullivan, of Sullivan, Smith & Hunt, Clarksdale, Miss., for plaintiff.

Campbell, DeLong, Keady, Robertson & Hagwood, Greenville, Miss., George H. Hagle, of Andrews, Kurth, Campbell & Jones, Houston, Tex., for defendants.

## MEMORANDUM

ORMA R. SMITH, District Judge.

This action has been submitted to the court on the motion of defendants James V. Culberson, Robert S. Heller and Edward M. Norton under Rule 12(b) F.R. Civ.P. to dismiss for lack of personal jurisdiction and for failure to state a claim

upon which relief can be granted. The court has received briefs and, after having given full consideration to the motion, has reached the conclusion that the motion is well taken and should be sustained on both grounds.

The complaint herein seeks to recover damages from the corporate defendant, Culberson, Heller and Norton, Inc., for breach of a contract made between the corporate defendant and plaintiff.

The individual defendants, Culberson, Heller and Norton, are the principal owners of the corporate defendant, and during the time of which the complaint is made acted as officers and employees of said corporation in its dealings with plaintiff concerning the contract in question.

Plaintiff filed an amended complaint making the individual defendants parties defendant in the action seeking judgment of and from said individuals, jointly and severally, for actual and punitive damages in an amount to be determined as reasonable by the court or by jury upon the trial of this cause, basing his demands upon the allegation that " `. . . [E]ach of the individual defendants conspired with each other and with the corporate defendant to have the corporate defendant breach the contract with plaintiff and to have corporate defendant refuse to carry out the obligations of the contract."

The essential and underlying facts, as reflected by the record, show that plaintiff claims to have been injured because the corporate defendant breached its contract with him, and that the breach, if any, was occasioned by the decisions, actions and activities of the individual defendants who were acting in the scope of their employment and in the furtherance of the business of the corporation by which they were employed. It is not alleged that the individual defendants committed any act of a personal nature except in connection with the corporate affairs.

It is clear and generally held throughout the country that " . . . [A]n authorized agent for a disclosed principal, in the absence of circumstances showing that personal responsibility was incurred, is not personally liable to the other contracting party". Chipman v. Lollar, 304 F.Supp. 440, 445 (N.D.Miss. 1969). *See also*, 3 C.J.S. Agency § 215 and 3 Am.Jur.2d § 393, Page 654.

Applying this recognized rule of law in the action sub judice, the individual defendants who were acting as the agents and representatives of the corporate defendant cannot be held personally liable for any alleged breach of contract on the part of the corporate defendant.

The plaintiff attempts to sustain a right of action against the individual defendants on the theory, as stated on Page 3 of plaintiff's brief, ". . . [t]hat the individual Defendants conspired with each other to interfere with the performance of the contract by causing the corporate Defendant to refuse performance thereunder".

The individual defendants contend that a corporate "person" can only act through its officers and representatives, and their activities in relation to the corporation's business are the acts of the corporation and that while so acting they cannot conspire with the corporation of which they are a part, citing a number of authorities, among which is a decision of the Fifth Circuit, Nelson Radio & Supply Co. v. Motorola, 200 F.2d 911 (5th Cir. 1952).

In *Nelson,* the Fifth Circuit held:

. . . It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation. . . . In the instant case we do not have any of those situations and it appears plain to us that the conspiracy upon which plaintiff relies consists simply in the absurd assertion that the defendant,

through its officers and agents, conspired with itself to restrain its trade in its own products. Surely discussions among those engaged in the management, direction and control of a corporation concerning the price at which the corporation will sell its goods, the quantity it will produce, the type of customers or market to be served, or the quality of goods to be produced do not result in the corporation being engaged in a conspiracy in unlawful restraint of trade under the Sherman Act. . .

. . . In the absence of any allegation whatever to indicate that the agents of the corporation were acting in other than their normal capacities, plaintiff has failed to state a cause of action based on conspiracy under Section 1 of the Act. . . . 200 F.2d at 914.

■ Plaintiff seeks to secure *in personam* jurisdiction of the individual defendants under Miss.Code Ann. § 1437 (Supp.1972), commonly known as the "Mississippi Long-Arm Statute". Plaintiff contends that the activities of the individual defendants in connection with the contract performed, or to be performed in Mississippi by the corporation, create the situation under which the Long-Arm Statute will reach the individual defendants' *in personam* jurisdiction. It has been held, however, that jurisdiction over individual officers and employees of a corporation cannot be predicated merely upon the jurisdiction over the corporation itself. See Hare v. Family Publications Service, 342 F.Supp. 678 (D.Md.1972); Path Instruments Int'l Corp. v. Asahi Optical Co., 312 F.Supp. 805 (S.D.N.Y.1970).

■ In sum, the court holds that the Mississippi Long-Arm Statute § 1437 cannot be used to sustain *in personam* jurisdiction over the individual defendants and that the amended complaint does not state a cause of action against said defendants upon which recovery can be predicated.