317 So.2d 396 (1975)
PROGRESSIVE CASUALTY INSURANCE COMPANY and General Adjustment Bureau, Inc.
v.
Elljah KEYS.
No. 48196.
Supreme Court of Mississippi.
August 11, 1975.
*397 Bryant & Stennis, Roger T. Clark, Gulfport, for appellants.
Cumbest & Cumbest, John L. Hunter, Pascagoula, for appellee.
Before RODGERS, ROBERTSON and BROOM, JJ.
RODGERS, Presiding Justice.
This is a unique case. It has afforded the members of this Court considerable exhilarating mental gymnastics. It came to this Court from the Circuit Court of Jackson County, Mississippi, in which the jury returned two verdicts. After the usual motion for judgment notwithstanding the verdict and motion requesting a new trial, the defendants, Progressive Casualty Insurance Company and the General Adjustment Bureau, Inc., have appealed to this Court. Another defendant, Chesley Price, was removed and released from the suit by a directed verdict. There is no cross-appeal as to this order.
The facts leading up to the lawsuit may be summarized as follows. Elijah Keys purchased a 1969 Pontiac station wagon from Gulf Motor Company for the sum of twenty-two hundred and ninety-five dollars ($2,295.00). The automobile was insured by the appellant Progressive Casualty Insurance Company. The policy contained a collision coverage clause. Thereafter, on August 25, 1972, the plaintiff, Elijah Keys, had a collision with another vehicle on the highway in which his Pontiac was totally destroyed. The plaintiff was unable to secure a settlement with the insurance company, and he turned the claim over to his attorney. The attorney testified that he had reached a firm settlement with the adjuster, General Adjustment Bureau, Inc., the agent of the insurance company for the sum of one thousand seven hundred and thirty-one dollars ($1,731.00), but that later the adjuster for the insurance company refused to pay the claim and requested a "readjustment of the claim." After having failed to secure a settlement, the appellee sued (1) the insurance company for the alleged full value of the destroyed automobile under the terms of the contract, less one hundred dollars ($100.00) set out as deductible under the policy, and (2) the insurance company, General Adjustment Bureau Inc., and its agent, Chesley Price, for an alleged tort for having failed to carry out the settlement agreement, and sought punitive damages against the defendants.
The adjustment bureau and its agent filed a motion to dismiss the suit against them on the ground that the declaration stated no cause against them. The insurance company also filed a motion to dismiss the suit, because the declaration attempted to combine a suit on contract and a suit on tort. Both motions were overruled.
Upon the trial of the case, the testimony was in conflict as to the value of the destroyed automobile. The value evidence ranged from two thousand two hundred and fifty dollars ($2,250.00) to one thousand four hundred and twenty-five dollars ($1,425.00). The plaintiff, over the objection of the defendants, offered testimony as to the net worth of the insurance company and the adjustment bureau. Plaintiff also offered evidence, over the objection of the defendants, that the plaintiff was about to be sued because he had not paid the payments due a credit union on the automobile.
The adjustment bureau denied that it or its agent had any ill will toward the plaintiff or his attorney, and none was intended. *398 It was admitted that the attorney for claimant had advised the adjustment bureau that they had sold the salvage of the wrecked automobile for two hundred and ten dollars ($210.00). The agent for the adjustment bureau testified that he was only authorized to pay one thousand four hundred and twenty-five dollars ($1,425.00) to the claimant, but that the automobile could have sold reasonably for two thousand dollars ($2,000.00).
After a careful examination of this record, we have reached the conclusion that the trial court committed the following obvious errors:
(1) The trial court should have sustained the motion of the General Adjustment Bureau, Inc. and Chesley Price to be dismissed from the case at the beginning of the trial because (a) the suit was based upon a contract of insurance and at the time this suit was tried, a suit on a contract (ex contracto) and a suit based upon a tort (ex delicto) could not be maintained in one cause of action [Delta Construction Company of Jackson, Mississippi v. City of Jackson, Mississippi, 198 So.2d 592 (Miss. 1967); Nasif et al. v. Booth et al., 221 Miss. 126, 72 So.2d 440 (1954); Potomac Insurance Company v. Wilkinson, 213 Miss. 520, 57 So.2d 158 (1952); City of Jackson v. Cook, 214 Miss. 201, 58 So.2d 498 (1952); Home Insurance Company v. Tate Mercantile Company, 117 Miss. 760, 78 So. 709 (1918); Illinois Central RR. Co. v. Abrams, 84 Miss. 456, 36 So. 542 (1904)]; and (b) the declaration did not set out facts sufficient to sustain a tort action.[1]
(2)(a) The testimony introduced by the plaintiff to show the net worth of the defendants was inadmissible, and the objection thereto should have been sustained. Testimony of the net worth of a defendant is not admissible where the jury is not warranted in awarding exemplary damages. Western Union Tel. Co. v. Cashman, 5 Cir., 132 F. 805 (1904); Pullman Palace-Car Co. v. Lawrence, 74 Miss. 782, 22 So. 53 (1897).
(b) Punitive damages are not recoverable for the breach of a contract unless such breach is attended by intentional wrong, insult, abuse or such gross negligence as to consist of an independent tort. D.L. Fair Lumber Company v. Weems, 196 Miss. 201, 16 So.2d 770 (1944); American Ry. Express Co. v. Bailey, 142 Miss. 622, 107 So. 761 (1926); Hood v. Moffett, 109 Miss. 757, 69 So. 664 (1915).
(c) The trial court erred in granting three instructions permitting the jury to find punitive damages against the defendants.
(3) The trial court erred in having failed to correct the judgment entered or to have granted a new trial on the motion of the defendants.
Notwithstanding all of the above stated errors, the jury nevertheless returned one proper verdict in the suit involving the insurance policy.
The jury had no authority to return a verdict against the Progressive Casualty Insurance Company and General Adjustment Bureau, Inc., for punitive damages. The last part of the jury verdict was therefore void. It is fortunate, however, that the jury verdict is divided so as to show that punitive damages were not considered by the jury in fixing the value of the automobile.
We hold, therefore, that the verdict of the jury and judgment of the court in favor of the insured Elijah Keys for the sum of two thousand dollars ($2,000.00) against *399 the Progressive Casualty Insurance Company for the value of the automobile should be and is hereby affirmed.
The verdict of the jury against Progressive Casualty Insurance Company and General Adjustment Bureau, Inc., in favor of the appellee in the sum of two thousand five hundred dollars ($2,500.00) for punitive damages is not warranted and must, therefore, be set aside and held for naught.
Affirmed in part; reversed in part.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, SUGG and WALKER, JJ., concur.
NOTES
[1] The law has now been changed so as to permit a suit in contract and in tort in one action. Ch. 315, § 1 [1974] Miss.Gen.Laws 355. We do not feel justified in reversing this case on the ground of improper procedure since the jury returned a proper verdict as to the suit on contract.