**Thomas J. HILL and Alma Hill, Plaintiffs,**

v.

**Louis O. GIUFFRIDA, Director of Federal Emergency Management Agency, and Crawford and Company, Defendants.**

**Civ. A. No. S84–0879(R).**

United States District Court, S.D. Mississippi, S.D.

May 16, 1985.

George Shaddock, Pascagoula, Miss., for plaintiffs.

Fred Mannino, Biloxi, Miss., for defendant Crawford and Co.

Stephen R. Graben, Asst. U.S. Atty., Biloxi, Miss., for defendant Federal Emergency Management Agency.

MEMORANDUM OPINION

DAN M. RUSSELL, Jr., District Judge.

The cause presently before the Court is the defendant, Crawford and Company's motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The defendant, Crawford and Company, asserts that according to Mississippi law, an adjusting company is not liable to an insured for their actions in adjusting a claim for the insurer. The plaintiffs, on the other hand, contend that their action against the adjusting company is a separate and distinguishable claim from that against the insurer, Federal Emergency Management Agency.

The Court finds that the Mississippi Supreme Court's decision in *Griffin v. Ware*, 457 So.2d 936 (Miss.1984), is instructional in this regard. In *Griffin*, the adjusting firm of Ware and Wooten was employed by the National Flood Insurance Program (hereinafter Program) to investigate a claim for damages to a home under a flood insurance policy. The adjusting firm recommended to the Program that the claim for damages be denied. The plaintiffs were subsequently able to have their claim reconsidered and settled with the Program based upon the report of another adjuster. The plaintiffs sued Ware and Wooten alleging that they acted in bad faith, and deliberately, maliciously and wilfully stated that the damages were not due to the flood but to poor soil conditions. *Griffin*, 457 So.2d at 936–7. The trial court granted a Miss.R. Civ.P. 12(b)(6) motion to dismiss and con-

verted it into one for summary judgment. Miss.R.Civ.P. 56.

The Mississippi Supreme Court affirmed the trial court's decision relying upon *Progressive Casualty Insurance Co. v. Keys* 317 So.2d 396 (Miss.1975). The court stated that *Progressive Casualty* "establishes the principle that an adjuster is not liable to an insured for his actions in adjusting a claim for an insurer." *Griffin*, 457 So.2d at 939. The court also discussed the duty owed by an adjusting firm, hired independently by the insurance company for adjustment of an insured's claim and held:

> that adjusters employed by an insurer, who were not parties to the agreement for insurance, are not subject to an implied duty of good faith and fair dealing to the insured ... [The adjusters] were employed by the insurer for the sole purpose of investigating appellants' claim for flood damages. [The adjusters] were not parties to the insurance contract between the appellant and their insurer, hence were not subject to an implied duty of good faith and fair dealing with appellants. [The adjusters] duty was to their principal, not to appellant.

*Griffin*, 457 So.2d at 940.

The case *sub judice* presents facts too similar to distinguish. The plaintiffs herein attempt to circumvent the *Griffin* and *Progressive Casualty* decisions with allegations that their action against Crawford and Company is a separate and independent one. However, the Mississippi Supreme Court unequivocally held that where an adjusting company is hired by the insurance company to adjust an insured's claim, the adjusting company's duty is to their principal, the insurance company, and not to the insured. Therefore, the defendant, Crawford and Company, is subject to a duty which runs to the Federal Emergency Management Agency, but owes no duty to the plaintiffs in the adjustment of their claim. Based upon the foregoing, the Court grants the defendant, Crawford and Company's motion to dismiss.

An Order in accordance with this Opinion shall be provided as set forth in the Local Rules.