**Christopher COLUMBUS, Plaintiff,**

v.

**RELIANCE INSURANCE COMPANY, et al., Defendants.**

**Civ. A. No. J85–0405(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 23, 1986.

Cotton Ruthven, Waller & Waller Attys., Jackson, Miss., for plaintiff.

W. Scott Welch, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for Reliance.

James L. Carroll, Jackson, Miss., for GAB & Summerlin.

MEMORANDUM OPINION

TOM S. LEE, District Judge.

Plaintiff, Christopher Columbus, initiated this action in the Circuit Court of the First Judicial District of Hinds County, Mississippi against Reliance Insurance Co. (Reliance), GAB Business Services, Inc. (GAB) and R.D. Summerlin. The case was removed to this court by the defendants pursuant to 28 U.S.C. § 1441, alleging fraudulent joinder of GAB and Summerlin and

diversity of citizenship under 28 U.S.C. § 1332. The plaintiff and Summerlin are residents of Mississippi and GAB and Reliance are corporations organized and existing under the laws of Delaware and Pennsylvania, respectively. Plaintiff has filed a motion to remand and defendants GAB and Summerlin have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

The action herein is a suit for actual damages under a fire insurance policy providing coverage for the plaintiff and for punitive damages for the alleged bad faith of the defendants in handling his claim. The complaint states: "Defendant [Reliance] hired defendant GAB and its agent, defendant Summerlin and used its superior financial position to abuse and mistreat the plaintiff ..." and "[Defendant Summerlin] individually, while acting as agent for the other defendants, sought to insult the plaintiff ..." The amended complaint alleges that "GAB ... was employed as the adjustor ..." and that "R.D. Summerlin through his acts set out to and did intentionally induce Defendant United Pacific Insurance Company to breach its insurance contract with Plaintiff." According to the complaint and amended complaint, Summerlin's acts all involved his alleged failure to disclose certain knowledge to the defendant insurance company and his alleged delay in carrying out his adjusting duties. Neither Summerlin nor GAB were actual parties to the insurance contract and the law is well-settled in Mississippi that an agent who is acting within his authority for a disclosed principal and who is not himself a party to the contract is not liable on any contract of the principal. *See Shemper v. Hancock Bank*, 206 Miss. 775, 40 So.2d 742 (1949); *Ketcham v. Mississippi Outdoor Displays, Inc.*, 203 Miss. 52, 33 So.2d 300 (1948); *Cone Mills Corp. v. Hurdle*, 369 F.Supp. 426 (N.D.Miss.1974); *Chipman v. Lollar*, 304 F.Supp. 440 (N.D.Miss.1969).

In *B. Inc. v. Miller Brewing Company*, 663 F.2d 545 (5th Cir.1981), the Fifth Circuit held that, in order to establish fraudulent joinder, the removing party must show there is "no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in State court." *Id.* at 549. In the case *sub judice*, the basis of the plaintiff's claim against the defendants GAB and Summerlin is their handling of the adjustment of a claim under an insurance contract. The Mississippi Supreme Court recently held in *Griffin v. Ware*, 457 So.2d 936 (Miss.1984), that "adjusters employed by an insurer, who were not parties to the agreement for insurance, are not subject to an implied duty of good faith and fair dealing to the insured," and that they were consequently not liable under the insurance contract in question. The court relied upon *Gruenberg v. Aetna Insurance Company*, 9 Cal.3d 566, 108 Cal.Rptr. 488, 510 P.2d 1032 (1973), wherein the California Supreme Court dismissed claims against several non-insurer defendants who were not parties to the insurance agreement and therefore not subject to any implied duty arising out of the contractual relationship. The court in *Gruenberg* also held that, where the agents of the insurer were acting within that relationship with their principal, they were not personally liable for the acts committed in conformity with that relationship.

The plaintiff contends that *Griffin* and *Gruenberg* dealt only with contractual claims and not with the torts of intentional infliction of mental distress and intentional interference with a business relationship allegedly set out in the complaint. In *Griffin*, the precise issue before the court was "whether adjusters employed by an insurer, who were not parties to the agreement for insurance, are subject to an implied duty of good faith and fair dealing to the insured." *Id.* at 936. The court answered the question in the negative, relying in part on *Progressive Casualty Insurance Company v. Keys*, 317 So.2d 396 (Miss.1975). According to the *Griffin* court, *Keys* held "that an adjuster is not liable to an insured for his actions in adjusting the claim for an insurer," *Griffin*, 457 So.2d 936, a much broader holding than that of *Griffin*. *Griffin* also relied on *Gruenberg*, which is limited to the plaintiff's claim of the breach of a duty of good faith and fair dealing and did not "consider the possibility that they may have committed another tort in their

respective capacities as total strangers to the contract of insurance." *Griffin,* 457 So.2d at 940 (quoting, *Gruenberg,* 510 P.2d at 1034). It cannot be said that GAB and Summerlin were acting as "total strangers to the contract" when, according to the complaint and amended complaint, their relationship with the plaintiff arose only because of the existence of the contract and all of their actions were undertaken in the context of adjusting plaintiff's claims.

This court is, therefore, of the opinion that, based on the claims in the original complaint, plaintiff would not be able to establish a cause of action against GAB and Summerlin in state court. Accordingly, the motion to remand should be denied. The court is also of the opinion that neither the original complaint nor the amended complaint state a cause of action against GAB and Summerlin and that their motion to dismiss should be granted.

It is, therefore, ordered that the motion of defendants GAB and Summerlin to dismiss is granted and the motion of the plaintiff to remand is hereby denied.