**Murray L. WILLIAMS, Plaintiff,**

v.

**LAFAYETTE INSURANCE COMPANY, et al., Defendants.**

No. 86–35–LS–D.

United States District Court, N.D. Mississippi, W.D.

June 30, 1986.

---

Omar D. Craig, Oxford, Miss., for plaintiff.

Richard T. Lawrence, Watkins & Eager, Jackson, Miss., for Lafayette Ins. Co.

Michael S. Allred, David A. Barfield, Satterfield & Allred, Jackson, Miss., for Doris Massie.

James Upshaw, Marc Biggers, Upshaw and Lander, Greenwood, Miss., for Sanders and Tatum.

## MEMORANDUM OPINION

SENTER, Chief Judge.

Plaintiff Murray L. Williams initiated this action in the Chancery Court of the Second Judicial District of Yalobusha County against the defendants alleging that they had breached the terms of his homeowners insurance policy by refusing to pay off upon receipt of his proof of loss. The case was removed to this court on March 14, 1986, by the Lafayette Insurance Company (Lafayette), a diverse defendant, pursuant to 28 U.S.C. § 1441. This cause is presently before the court on plaintiff's motion to remand and defendants' motions to dismiss.[1]

### A. FACTUAL BACKGROUND.

The instant dispute arose when a tornado struck the Town of Water Valley on April 21, 1984, and damaged plaintiff's home. Plaintiff, who had previously taken out homeowners' insurance from the Lafayette Insurance company on his residence, notified the independent insurance agent from whom he had purchased the policy, Doris Massie, of the damage incurred by the tornado. Defendant Massie then notified Lafayette, which in turn employed the Sanders and Tatum Corporation (S & T) to adjust the claim. Plaintiff alleges that defendant S & T hired contractors to make repairs without first notifying him or obtaining his consent. Subsequently, plaintiff asserts that although defendant Lafayette tendered a check to him in the amount of $7,180.11 to cover the cost of repairs and incidental expenses, he refused to accept

---

1. There is also pending before the court a motion by defendant Lafayette to dismiss the suit as either prematurely filed or, in the alternative, for the failure of the plaintiff to join all necessary parties. The present opinion, however, deals only with the motions to dismiss filed by defendants Sanders and Tatum, Inc., and Massie, and the court shall consider defendant Lafayette's motion subsequently in a separate opinion.

this payment on the grounds that it was not sufficient to cover the total amount of expenses he had incurred or expected to incur.

Plaintiff filed the instant suit in state court alleging that defendant Lafayette had constructively or actually denied his claim for payment under the homeowners policy in question. Plaintiff alleged that defendant S & T had engaged contractors to make repairs on his home without his authorization [2] and, once the repairs were made, refused to pay the contractors and, instead, encouraged them to present their claims to the plaintiff. Finally, plaintiff asserted that defendant Massie had "negligently elected to place plaintiff's homeowners' coverage with Lafayette Insurance Company ..." even though she knew or should have known that Lafayette would delay payment or refuse to pay in its entirety the claim lodged by the plaintiff.

Plaintiff is a resident of Mississippi, as are defendants S & T and Massie for purposes of determining diversity jurisdiction. Defendant Lafayette is a corporation established under the laws of Louisiana with its principal place of business in that state. Unless it can be shown that the complaint fails to state a claim against the non-diverse defendants and the plaintiff has fraudulently joined them in an attempt to defeat diversity jurisdiction, this case must be remanded to the Chancery Court of the Second Judicial District at Yalobusha County due to an absence of federal jurisdiction.

### B. THE LAW OF AGENCY IN AN INSURANCE CONTEXT.

■ As a general rule, when an insured and an insurer enter into a contract for insurance coverage, a breach of the terms of the policy will entitle the former to sue only the latter, despite the fact that other individuals or entities may have become involved in the process of adjusting the claim of the insured. This rule is supported by general principles of agency which dictate that a principal will be responsible for actions undertaken by an agent within the scope of his or her authority.

■ The Supreme Court of Mississippi has traditionally applied the general laws of agency to relationships arising out of the issuance and adjustment of insurance contracts. *McPherson v. McLendon*, 221 So.2d 75, 78 (Miss.1969). As that court has previously stated,

> The powers possessed by agents of insurance companies, like those of any other corporation or of an individual principal, are to be interpreted in accordance with the general law of agencies. No other or different rule is to be applied to a contract of insurance than is applied to other contracts. The agent of an insurance company possesses such powers only as have been conferred verbally or by the instrument of authorization, or such as third persons had a right to assume that he possesses under the circumstances of each particular case.

*Germania Life Insurance Co. v. Bouldin*, 100 Miss. 660, 56 So. 609, 613 (1911).

■ In accordance with general principles of agency law, the insurer is bound by the authorized acts of its agent. Conversely, the insurer is not bound by the unauthorized acts of its agent, and the question then becomes whether the agent was acting within the scope of his authority when he performed the contested acts. *See generally, Couch on Insurance 2d*, (Rev.ed.) § 26:1, *et seq.*

There are two types of authority upon which an agent may rely to take action which will have a binding effect upon the principal. The first type is actual authority, which may be either express or implied in nature. The second type is apparent authority. *Id.* A general statement of the rule governing apparent authority was given by the Mississippi Supreme Court in

---

**2.** Plaintiff contends that he had the right to authorize any repair work being done to his home prior to the commencement of the same. Plaintiff does not contend that defendant S & T was without authority from the Lafayette Insurance Company to take the necessary steps to ensure that the repairs were made.

*McPherson, supra,* wherein it was noted that

> The power of an agent to bind his principal is not limited to the authority actually conferred upon the agent, but the principal is bound if the conduct of the principal is such that persons of reasonable prudence, ordinarily familiar with business practices, dealing with the agent might rightfully believe the agent to have the power he assumes to have. The agent's authority as to those with whom he deals is what it reasonably appears to be. So far as third persons are concerned, the apparent powers of an agent are his real powers. This rule is based upon the doctrine of estoppel. A principal, having clothed his agent with the semblence of authority, will not be permitted, after others have been led to act in reliance of the appearances thus produced, to deny, to the prejudice of such others, what he had theretofore tacitly affirmed as to the agent's powers. There are three essential elements of apparent authority: (1) Acts or conduct of the principal, (2) reliance thereon by a third person, and (3) a change of position by the third person to his detriment. All must occur to create such authority.

*McPherson, supra,* at 78, (quoting *Steen v. Andrews,* 223 Miss. 694, 697, 78 So.2d 881, 883 (1955)) (citations omitted).[3]

In applying this to the execution and performance of contracts, courts have uniformly held that a breach of the terms of the contract will enable the victim to bring suit against the principal, but not the agent, as the former is the one responsible for performance under the contract. This assumes, as has usually been the case, that the agent who signed the contract clearly identified the principal for which he as acting and the capacity in which he was signing the contract. *See, e.g., Cone Mills Corp. v. Hurdle,* 369 F.Supp. 426, 438 (N.D.Miss.1974) (contract to sell cotton; agent who executes contract and discloses the name of his principal is not liable for acts taken by principal or by him on behalf of principal); *Chipman v. Loller,* 304 F.Supp. 440, 444–46 (N.D.Miss.1969) (contract to lease farm land; same); *Mid-Continent Telephone Corp. v. Home Telephone Co.,* 319 F.Supp. 1176, 1199 (N.D. Miss.1970) (contract for corporate merger; same); and *Webb v. Culberson, Heller and Norton, Inc.,* 357 F.Supp. 923, 924–25 (N.D.Miss.1973) (contract of unspecified nature; same).

This rule has been applied by the Mississippi Supreme Court to breaches of insurance contracts where the insured has attempted to sue both the insurance company and its agent, which is usually an adjusting company or an independent insurance agent, or both. *Griffin v. Ware,* 457 So.2d 936, 939–41 (Miss.1984). *See also, Progressive Casualty Insurance Co. v. Keys,* 317 So.2d 396 (Miss.1975). Specifically, the court in *Griffin* held that

> [A]djusters employed by an insurer, who were not parties to the agreement for insurance, are not subject to an implied duty of good faith and fair dealing to the insured.

*Griffin, supra,* at 940. *Cf. Progressive Casualty, supra,* at 398. Thus, adjusters and, by implication, insurance agents, who are not parties to the insurance contract, may not be sued for acts which allegedly are taken pursuant to a breach of the same. This is the law of Mississippi which this court, sitting as here in a diversity context, is bound to apply to resolve the dispute at hand. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Jackson v. Johns-Manville Sales Corp.,* 781 F.2d 394, 396 (5th Cir.1986).

Recently, the United States District Court for the Southern District of Mississippi faced a similar situation in which an insured sought to hold an independent insurance agent and an adjuster liable to

---

**3.** Mississippi follows the common law rule except where changed by statute. In this instance, there is no statute changing the doctrine of apparent authority, which is recognized by Mississippi law. *See Terrain Enterprises, Inc. v. Western Casualty and Surety Co.,* 774 F.2d 1320, 1322 (5th Cir.1985) (citations omitted.)

actions taken which resulted in a denial of his claim for payment under an insurance policy. That court, after discussing the rulings of the Mississippi Supreme Court in *Griffin, supra,* and *Progressive Casualty, supra,* held that neither agents nor adjusters were liable for their actions in adjusting and processing the claim of an insurer. *Columbus v. Reliance Insurance Co.,* 626 F.Supp. 1147, 1149 (S.D.Miss.1986). This is an accurate assessment of the law of agency as it applies to insurance contracts in Mississippi. *See, e.g., Ashley v. Capitol American Life Ins. Co.,* No. J86–0176(L) (S.D.Miss. May 28, 1986) (unpublished) [Available on WESTLAW, DCTU database] (medical and hospitalization policy); *Gray v. United States Fidelity and Guaranty Ins. Co.,* No. J85–1122(W) (S.D.Miss. April 21, 1986) (unpublished) (homeowners policy); *Hill v. Giuffrida,* 608 F.Supp. 648 (S.D.Miss.1985) (unspecified policy); *Patton v. Aetna Ins. Co.,* 595 F.Supp. 533 (N.D. Miss.1984) (homeowners policy); *Butler v. Burns,* No. W83–0136(B) (S.D.Miss. Nov. 8, 1983) (unpublished) (unspecified policy) [Available on WESTLAW, DCTU database]; *May v. Federated Mutual Ins. Co.,* No. EC82–347–LS–P (N.D.Miss. Jan. 19, 1983) (unpublished) [Available on WESTLAW, DCTU, database] (homeowners policy); *Short v. Metropolitan Life Ins. Co.,* No. S82–0012(N) (S.D.Miss. Aug. 28, 1982) (unpublished) (disability policy); and *Dedeaux v. Pilot Life Insurance Co.,* No. S80–0467 (S.D.Miss. May 21, 1982) (unpublished) (disability policy).

## C. THE SEPARATE AND INDEPENDENT CLAIM.

■ An exception to this rule exists, however, where the insured contends that the agent has committed an act which is outside the scope of the authority granted him by the principal, which has resulted in a separate injury to the insured. Such an act, which may arise out of the processing and adjustment of the insured's claim, is separate from the actual denial of a claim by the insurer and may require that the entire controversy be remanded to the state courts for adjudication.

■ Section 1441 provides, in part, that Whenever a separate and *independent* claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c) (emphasis added). Whether this separate claim is independent, or distinct but interrelated with the insured's breach of policy claim, is a question the court must answer in order to determine whether remand is appropriate. *American Fire and Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct 534, 95 L.Ed. 702; *Chipman, supra,* at 446. *See also,* Annotation 58 A.L.R.Fed. 458. A case is still removable if as a matter of law, no joint cause of action is stated, or if no claim is stated against the resident defendant, or if a separate and independent claim or cause of action is stated against the nonresident defendant. *Edwards v. E.I. DuPont De Nemours and Co.,* 183 F.2d 165, 168 (5th Cir.1950).

■ In the case at bar, plaintiff asserts in his complaint that his insurer, defendant Lafayette, has refused to pay his claim for damages sustained as a result of the tornado striking his house. Plaintiff also asserts that his independent insurance agent, defendant Massie, was negligent and acted unreasonably because she elected to place his policy with Lafayette, an insurance company which the plaintiff asserts she knew or should have known to be routinely denying claims of arguable merit. Finally, plaintiff asserts that the insurance adjusting firm defendant S & T, breached its agreement with its contract repairmen and not only refused to pay them, but wrongly directed them to the plaintiff for payment. Since this cause is presently before the court on defendant's motions to dismiss, plaintiff's allegations are accepted as true.

*Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

It is uncontested that defendant Massie is an agent of the insurer in this case and that the scope of her authority included solicitation of potential policyholders and the placement of finalized insurance contracts with the same insurer. *See* Miss. Code Ann. § 83–17–1 (1972). This agency relationship existed prior to the signing of the policy by the plaintiff, and any duty owed by the agent was owed to the principal. On the other hand, any breach of a duty owed to the plaintiff is imputed to the principal, and the plaintiff must look to the insurance company for relief. Plaintiff fails to state a claim upon which relief may be granted against defendant Massie, and dismissal shall therefore be granted in this regard. Rule 12(b), (c), Fed.R.Civ.P.

Plaintiff's claim against defendant S & T, however, presents a slightly different situation. While an adjuster is also an agent of the insurer, the scope of its authority is not as easily defined. Both the general rule of agency, that one looks to the principal and not his agent to redress a grievance, and the statement of law in *Griffin, supra,* that "an adjuster is not liable to an insured for his actions in adjusting the claim for an insurer," tend to presuppose that the adjuster had either actual or apparent authority to take the acts complained of, and that the insured could sue only his insurer. The Mississippi Supreme Court has indicated, however, that when an agent exceeds the scope of his authority, that a separate claim is presented, which may or may not be independent. *Cf. McPherson, supra; Shemper v. Hancock Bank,* 206 Miss. 775, 40 So.2d 742 (1949); *Ketcham v. Mississippi Outdoor Displays,* 203 Miss. 52, 33 So.2d 300 (1948).

When the facts are in dispute, it is for the jury to determine whether a given person or entity was an agent of the insurer or acting within its scope of authority. When the facts are not in dispute, however, the question of whether the entity exceeded its authority is one of law and for the court to decide. *See Couch on Insurance 2d,* (Rev.ed) § 26:29.

In the case at bar, the plaintiff admits in his complaint that defendant S & T was "hired ... to investigate the damages resulting from the tornado ...," and there is no allegation that the adjusting company was not authorized by the insurer to contract for repair work to be done on plaintiff's house. It thus appears that defendant S & T was at all times acting within the scope of its authority and that any actions taken in adjusting the claim of the plaintiff are attributable to its principal, the Lafayette Insurance Company.

In applying the traditional rules of agency to insurance contracts, most courts have neglected to discuss the scope of the insurance agent or adjuster's authority and the effect, if any, this could have on the nature of the insured's claim. In *Griffin, supra,* the adjuster was sued for acts allegedly committed during the investigation of the insured's claim, and the Mississippi court held that this failed to state a claim under the law. Interestingly enough, the court construed its prior holding in *Progressive Casualty, supra,* even more broadly, as establishing the principle that "an adjuster is not liable to an insured for his actions *in adjusting* a claim for an insurer." *Griffin, supra,* at 939 (emphasis added). Previously, the state court had defined the term "to adjust" as meaning " 'to settle' in a sense of pay." *Napp v. Liberty National Life Insurance Co.,* 248 Miss. 320, 159 So.2d 164, 166 (Miss.1963).

The federal courts sitting in Mississippi have also omitted any specific discussion as to the scope of an adjuster's authority in cases where dismissal under Rule 12(b), (c) has been granted. In *Columbus, supra,* the United States District Court in the Southern District noted that the adjuster's relationship with the plaintiff in that case "arose only because of the existence of the [insurance] contract, and all of their actions were undertaken in the context of *adjusting* plaintiff's claim." *Columbus, supra,* at 1149 (emphasis added). While the specific acts complained of were not set out in

detail, apparently the adjusters failed "to disclose certain knowledge to the defendant insurance company" and unnecessarily delayed in processing plaintiff's claim. *Id.* at 1148. In *Hill, supra,* the court reiterated the *per se* rule of agency law and held that a claim could not be maintained against an adjusting company for any act committed in the process of adjusting the insured's claim. *Id.* at 469. Once again, however, the question of authority appears to have been assumed, and the exact nature of the claim against the adjuster was unstated.

Although this court has previously applied the *per se* agency rule to insurance contracts without discussion of the scope of the defendant agent's authority, *see Patton, supra; Hill, supra,* an act outside the scope of authority necessitates review under the § 1441(c) "separate and independent" test. In the case at bar, this second level of inquiry is not met since the court finds that there is no allegation that defendant S & T acted outside its scope of authority, and a review of the record and relevant cases fails to indicate the same as a matter of law.

## D. FRAUDULENT JOINDER.

Recently, the Fifth Circuit enunciated the test to be applied when determining if a party has been fraudulently joined.

> If, having assumed all of the facts set forth by the plaintiff to be true and having resolved all uncertainties as to state substantive law against the defendants, the district court should find there is *no possibility* of a valid cause of action being set forth against the in-state defendant(s), only then can it be said that there has been a "fraudulent joinder." However, if there is even a possibility that a state court would have a cause of action against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state court.

*B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 550 (5th Cir.1981) (citations omitted) (emphasis added).

The court finds that under Mississippi law, the plaintiff fails in his present complaint and supplemental pleadings to allege facts sufficient to state a claim against defendants S & T and Massie. Accordingly, defendants' motions to dismiss will be granted, and plaintiff's motion to remand will be denied.

An order shall issue in conformity herewith.