**WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, Plaintiff,**

v.

**Elizabeth LEITAKER, Defendant.**

**Elizabeth LEITAKER, Plaintiff,**

v.

**David Wayne TURNER, Merrell A. Turner, Woodmen of the World Life Insurance Society and Lodge 648 Woodmen of the World, Defendants.**

**Civ. A. No. J88–0103(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 19, 1988.

---

Arthur F. Jernigan, Jr., Susan O. Manderson, William C. Brabec, Jackson, Miss., for plaintiff.

James E. Smith, Jr., Carthage, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This cause comes before the Court on a variety of motions, including Leitaker's Objection to the Order of the Magistrate Denying Motion to Remand; her Motion to Dismiss Complaint for Declaratory Judgment; Motion of Woodmen of the World to Dissolve Attachment and for Assessment of Damages and Sanctions; Motion of David Turner, Merrell Turner and Lodge 648 to Dismiss or in the Alternative for Summary Judgment; and Motion of Woodmen of the World, Lodge 648, David Turner and Merrell Turner to Strike Affidavits submitted by Plaintiff. This plethora of motions arises from the consolidation of a removed case based upon an attachment in Mississippi chancery court and an independent action for declaratory judgment. Both cases concern a refusal by Woodmen of the World Life Insurance Society ("Woodmen") to pay a claim on a life insurance policy issued to Robert D. Leitaker for $60,000.00. Woodmen based its denial of the claim upon allegations of misrepresentation by Leitaker in his application. The Court bases its opinion as to each of these motions upon all of the motions, affidavits, briefs, memoranda, and attachments submitted by the parties to date in this case.

## I.

■ Woodmen's Motion to Dissolve Attachment is granted, and its request for an order assessing damages and fees is denied. One of the two original cases now before this Court was based upon Elizabeth Leitaker's attachment in chancery of a small computer owned by Woodmen, but under lease to David Wayne Turner, a Mississippi resident. Her attachment was issued by the Chancellor in Leake County, Mississippi, in order to protect Leitaker's ability at the commencement of the suit to recover the amount of her claim. The attachment computer is worth approximately $7,500; Leitaker's claims are for $60,000 contractual damages, $250,000 actual tortious damages, and $2,000,000 in punitive damages. Following removal of that case to the federal district court, and the consol-

idation of it with Woodmen's action for declaratory judgment, the writ of attachment is still in force. As these consolidated cases are properly before this Court, it is the responsibility of the Court to determine the continuing necessity of any provisional or final remedies, especially those involving the seizure of property. Woodmen of the World Life Insurance Society is registered to do business in the State of Mississippi and has posted the appropriate bond for appearance before this Court. There has been no claim that it would not satisfy any damages assessed against it by this Court. The federal rules governing seizure of persons or property dictate that

> At the commencement of and *during the course of an action,* all remedies providing for seizure of person or property for purpose of securing satisfaction of the judgment ultimately to be entered in the action are available *under the circumstances and in the manner provided by law of the state in which the district court is held,* existing at the time the remedy is sought, subject to the following qualifications: ... (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedy thus available include(s) ... attachment....

Fed.R.Civ.P. 64 (emphasis supplied by the Court).

The standard, Mississippi Code Annotated Section 11–31–2(3)(a), allows a chancellor to order dissolution of an order of attachment unless the complaint "establishes by satisfactory proof the grounds upon which the order was issued, including the existence of a claim as described in Mississippi Code Annotated Section 11–31–1, and the impairment or impediment which a failure to continue the attachment could bring to the complainant's ability to recover the amount of such debt." After review of the pleadings and affidavits filed in this matter, this Court determines as a matter of fact that no substantial impairment or im-

pediment would accrue to Leitaker by a failure to maintain the attachment over Woodmen's property. Therefore, the attachment should be dissolved. As a result of this dissolution there is no further cause or claim in this case against David Wayne Turner, the lessee and possessor of the computer, who has to this point been a party solely by virtue of this attachment.

## II.

The Motion to Dismiss or in the Alternative for a Summary Judgment of David Wayne Turner, Merrell A. Turner, and Lodge 648 Woodmen of the World is granted, and for the reasons set forth below, all three are dismissed as Defendants.

As noted above, David Wayne Turner was named a Defendant in this case strictly as an attachment defendant who held possession of a computer under lease from Woodmen. In Leitaker's brief in response to a request by this Court, she notes that Turner's only interest in the outcome of the case is his leasehold in the attached computer. No other remedy has been demanded against David Turner by any party. David Turner's Motion to Dismiss is granted as there is no remaining claim against him which this Court may grant.

Merrell A. Turner is a Defendant in this case strictly in his role as agent in the original issue of an insurance policy by Woodmen of the World to Robert A. Leitaker for the benefit of Elizabeth, his wife. Following Mr. Leitaker's death, Woodmen of the World denied payment of the claim, giving rise to the present suit. Mrs. Leitaker claims that Merrell Turner improperly filed the application form and that this action resulted in the denial of the claim.

It has been established without dispute that at the time Merrell Turner completed the forms for Robert Leitaker's application, he certified, among other things, that he had fully investigated the health of the insured. In the application process, Turner

ordered a medical exam, which was performed by an independent examiner whose report listed a prescription for daily use of chlorothaldene, a diuretic sometimes prescribed to asthmatics. Turner apparently did not interview Mr. Leitaker's physician, but relied on the examination report. Mrs. Leitaker claims that Turner stated in the application not only that there was an active prescription for chlorothaldene, but also that Mr. Leitaker had no other known health problems. Mrs. Leitaker claims also that Merrell Turner, not Robert Leitaker, completed the forms after asking Mr. Leitaker to sign a blank application; Turner maintains that this is a common practice. Mrs. Leitaker claims that an existing asthma condition would have been discovered had Turner contacted Mr. Leitaker's physician, that Turner failed to do so, and that this failure was the basis of the incorrect statements on the application. After Mr. Leitaker's death, Woodmen denied payment of the policy under a clause within it which allowed recision of the policy within one year of issue, claiming that its investigation showed the statements made on the application concerning Mr. Leitaker's health to have been misrepresentations, which allowed Woodmen to rescind the policy. In sum, Mrs. Leitaker contends that the negligence of Merrell Turner in personally completing the application with inaccurate information was both the basis of Woodmen's denial and a separate tort by Turner himself.

■ Under Mississippi law, the general rule of agent liability for bad faith denial of a claim by an insurance company is that an agent for a disclosed principal incurs no liability for a breach of duty of a contract by its principal. *See Gray v. U.S. Fidelity & Guaranty*, 646 F.Supp. 27, 29 (S.D.Miss. 1986). In a recent application of agency exemption, the Mississippi Supreme Court in *Griffin v. Ware*, 457 So.2d 936 (Miss. 1984) affirmed its decision in *Progressive Casualty v. Keys*, 317 So.2d 396 (Miss. 1975), releasing an agent and adjuster from liability in a case against an insurer. This

Court reviewed the standards of *Griffin* in light of *Leathers v. Aetna Casualty & Surety Co.*, 500 So.2d 451 (Miss.1986) (The tort of an agent, which rendered principal liable for the agent's act, created liability of the agent individually) in its opinion in *Schoonover v. West American Ins. Co.*, 665 F.Supp. 511 (S.D.Miss.1987). In *Schoonover*, we determined that the Mississippi Supreme Court did not alter the standard applied in *Griffin* by its allowance of a claim by an employee of the carrier of a workmen's compensation policy where her relationship to the plaintiff was unestablished. Applying the standards of *Griffin* and *Gardner v. Jones*, 464 So.2d 1144 (Miss.1985), this Court found that the general principles of Mississippi agency law barred a contractual claim against an insurance adjuster. In an application of the state law standards of division between actions in tort and in contract, both federal courts in Mississippi have barred claims against insurance agents where allegations made against the agent were based upon the agent's actions in the creation of the policy. *Gray v. U.S. Fidelity & Guaranty*, 646 F.Supp. 27 (S.D.Miss.1986), *Williams v. Lafayette Insurance Co.*, 640 F.Supp. 686 (N.D.Miss.1986).

This Court has reviewed all of the allegations made by Elizabeth Leitaker in a light most favorable to her claim and finds that, although Merrell Turner inaccurately completed the application forms, he ordered an independent medical evaluation, relied on its results, and reported these results on the forms. All of the actions which have been either established in the pleadings or alleged by Elizabeth Leitaker are within the contemplated agency of Merrell Turner. Moreover, the action from which this case arises is not the issuance of the policy by Turner at all; it is the denial of the policy by Woodmen. To the degree that that denial was made likely by Turner's actions, he was certainly acting as an agent of Woodmen. Even so, this case is based upon Woodmen's actions at the time it chose not to honor the policy, not at the

time of issue. There is no basis for a claim made independently against Merrell Turner, and he is fraudulently joined as a Defendant in this suit.

Lodge 648 Woodmen of the World was named a Defendant in this case strictly as the local entity of Woodmen of the World Life Insurance Society. A review of the national society's Constitution and Laws, the affidavits of its local officers, and the statements of Elizabeth Leitaker establish that an essential purpose of Woodmen of the World, and its local chapter, is the issuance of insurance to its membership. Leitaker strongly argues in her Memorandum of Authorities in Opposition to Motion to Dismiss or in the Alternative for a Summary Judgment that Lodge 648 was an agent in the issuance of the policy by Woodmen to Mr. Leitaker.

There are no claims for relief made against Lodge 648 which do not rely upon its status, real or constructive, as an agent of Woodmen of the World Life Insurance, Inc. Therefore, the same standards discussed above which barred relief from Merrell A. Turner as agent bar claims against Lodge 648; it also is fraudulently joined as a Defendant.

### III.

The Court finds that the Magistrate's Order of April 22, 1988, which denied Plaintiff's Motion to Remand is neither clearly in error nor contrary to law. The issue of the joinder of Merrell A. Turner and Lodge 648 Woodmen of the World as Defendants has been addressed above, and there is no basis for their presence as parties Defendant inasmuch as there is no claim presented against those individuals upon which relief may be granted under Mississippi law. The Court agrees with the Magistrate that the joinder was fraudulent. The Court finds further that the attachment defendant, David Wayne Turner, was before this Court prior to the dissolution of the writ of attachment, but that his presence did not defeat diversity as he was not a real party in interest. At the specific request of the Court, parties submitted special briefing on this question, and the Court now applies the principle announced in *Dunn v. Stewart*, 235 F.Supp. 955 (S.D. Miss.1964) *reversed on other grounds, Stewart v. Dunn*, 363 F.2d 591 (5th Cir. 1966), that in-state attachment defendants do not affect diversity jurisdiction.

### IV.

Leitaker's Motion to Dismiss the Complaint for Declaratory Judgment is denied. There is a continuing controversy properly before this Court pursuant to Federal Rule of Civil Procedure 57, 28 U.S.C. § 2201, and 28 U.S.C. § 1441.

### V.

Woodmen's Motion to Strike Affidavits submitted by Plaintiffs is denied. There is sufficient allegation of personal knowledge and belief in the affidavits in question, and sufficient relevance of the affidavits to the motions which they support, to survive a motion to strike.

### VI.

IT IS THEREFORE ORDERED that the Writ of Attachment against David Wayne Turner be dissolved, the Motion to Dismiss or in the Alternative for Summary Judgment of David Wayne Turner, Merrell A. Turner, and Lodge 648 Woodmen of the World be granted, the Order of the Magistrate denying the Motion to Remand be affirmed, the Motion to Dismiss Complaint for Declaratory Judgment be denied, and the Motion to Strike Affidavits submitted by the Plaintiff be denied.

ORDERED.